ROSARIO TINA, Pro se
JESUS G. TINA
1220 Manchester Street
National City CA 91950
Phone 619-581-7844

FILED
08 JUL 10 PM 4:35
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ECL         DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ROSARIO TINA, and
JESUS G. TINA,

    Plaintiffs,

vs.

COUNTRYWIDE HOME LOANS, INC,;
AMERICA'S WHOLESALE LENDER;
RECONTRUST COMPANY;

    Defendants.

Case No.: '08 CV 1233 H AJB

VERIFIED COMPLAINT FOR DAMAGES WRONGFUL FORECLOSURE AND DECLARATORY RELIEF; INJUNCTIVE RELIEF, ACCOUNTING, DECEPTIVE FRAUD AND UNFAIR BUSINESS TRADE PRACTICES AND OTHER STATUTORY RELIEF

COME NOW the Plaintiffs, ROSARIO TINA and JESUS G. TINA, husband and wife,(collectively TINAS) Pro Se, and allege as follows against Defendants, COUNTRYWDE HOME LOANS, INC. AND AMERICA'S WHOLESALE LENDER (hereinafter "Lenders") and the trustee RECONSTRUST COMPANY; as follows:

PRELIMINARY ALLEGATIONS

1. This complaint is filed for injunctive relief, fraud in the inducement and damages to enforce plaintiffs' rights to recover statutory damages, reasonable fees and

1

costs due to COUNTRYWIDE'S and Lenders' fraudulent lender practices including violations of Title Fair Debt Collection Practices Act Civil Code 1788, Title 15 U.S.C. §1692 and their fundamental fiduciary duties owed to defendants to enforce plaintiffs' rights to their property, for declaratory relief against the alleged debt collectors, declaration that the rights of the trustee are invalid and illegal causing plaintiffs to incur damages. Further, injunctive relief is required immediately because plaintiffs are being wrongfully ousted from their property with a foreclosure sale set for July 11, 2008, and will suffer irreparable harm as money damages cannot compensate TINAS for the loss of their unique property.

2. TINAS are ignorant of the true names and capacities of the persons engaged in commercial activities of the defendant. Discovery will confirm the identity, capacity and interests of the defendant's agents when determined. However, plaintiffs have seen no legal evidence on the record that would support assertions or conclusion that defendant(s) has or have acquired legal standing as a holder in due course for adequate value.

3. On information and belief TINAS alleges that Lenders are committing fraud in the factum in that defendant(s) is not a person entitled to enforce the alleged DEBT because they lack standing and legal capacity to enforce the instruments.

4. TINAS objects to the non-judicial foreclosure or judicial foreclosure without sufficient evidence for the Court to review as proof of the identity of the real party in interest, i.e. the person legally vested with the power to enforce the note as a holder in due course for adequate and sufficient value paid for the note on the subject real property. Defendants may not foreclose on the subject property without showing lawful status and standing and legal capacity to enforce the instruments.

## PARTIES

5.  At all times material hereto, TINAS were and are natural persons, husband and wife for approximately forty-five years, in possession of the property located 1720 E. 4th Street, National City, CA 91950-2712. JESUS TINA is eighty three years old; his wife ROSARIO TINA is sixty-seven years old. At the time of the execution of the loan documents on or about August 17, 2006, the lenders took unfair advantage of their position of inequality, dependence, weakness or lack of knowledge to exercise dominion, control or influence over the borrower's affairs. TINAS are currently threatened by fraud, threats and financial duress by COUNTRYWIDE'S commercial activities in mortgage lending and foreclosure business.

6.  COUNTRYWIDE HOME LOANS, INC. ("Countrywide") is a Delaware corporation who lists its Agent for Service of Process as NY Corporation System, 4500 Park Granada, Calabasas, CA 91312.

7.  Defendant AMERICA'S WHOLESALE LENDER is a New York corporation whose address is 4500 Park Granada MSN# SVB-324, Calabasas, California 91302-1613, doing business in San Diego County, California.

8.  RECONTRUST COMPANY, a subdivision of COUNTRYWIDE HOME LOANS, INC., 1757 Tapo Canyon Road, Simi Valley, CA 93603, is Countrywide's trustee for foreclosure servicing.

## JURISDICTION AND VENUE

9.  Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 in that the claims alleged therein arise under the laws of the United States. This court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal claims

3

and arise out of a common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution. Jurisdiction within this court is predicated upon various Federal questions arising under the United States Code including but not limited to 15 USCA § 1640 et seq. Commonly know as the Truth in Lending Act (TILA): 12 USCA § 2605 the Real Estate Settlement Procedures Act (RESPA) and 15 USCA § 1602 et seq. commonly known as the Homeowners Equity Protection Act, as well as 15 USCA §1692, commonly known as the Fair Debt Collection Practices Act.

    10.    The Court has jurisdiction over Plaintiffs' action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by 28 U.S.C. § 2203 and Rule 65 of the Federal Rules of Civil Procedure.

    11.    Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gave rise to these claims occurred within the Southern District of California. The real property in question is located within San Diego County, California.

    12.    <u>Standing to Sue</u>.  The amount in controversy exceeds the unlimited jurisdiction amount as the subject matter jurisdiction involves a written contract exceeding the amount of $556,000.00 ($486,500.00 primary and $69,500.00 HELOC), As a result of Countrywide's alleged illegal conduct in attempting to collect an unlawful debt TINAS suffer the threatened injury of loss of their property, i.e. wrongful foreclosure as a result of the putatively illegal conduct of the defendant and/or its agents. TINAS are informed that financial injury took place upon notice of default and pending

foreclosure sale set for Friday, July 11, 2008 TINAS' injury as a result of Countrywide's conduct is likely to be redressed if the requested relief is granted.

13. **Language Barrier**. English is the language of the United States and the language of real estate contracts. Plaintiffs are an elderly Philippine couple who normally speak in their native tongue and are unfamiliar with contract terms. California Civil Code 1632 requires that if the mortgage is negotiated in the most common languages spoken in California other than English, loan documents must also be in that language. The plaintiffs were fraudulently induced to sign a contract that they did not understand and neither was it adequately explained to them in their language. All loan documents and disclosure documents were merely provided in English without accommodation for their language and age barriers.

## PREDATORY LENDER AND BROKER

14. There is no uniformly accepted definition of "predatory lending." However, the United States Department of Housing and Urban Development ("HUD") has defined predatory lending as lending "involving deception or fraud, manipulation of borrowers through aggressive sales tactics, or taking unfair advantage of a borrower. (As of June 26, 2008 California Attorney General and Illinois Attorney General have filed Law Suit against Countrywide Home loans.)

15. Since predatory lenders are constantly developing new techniques to take advantage of borrowers, it is generally accepted by the lending industry and government agencies that monitor that industry that predatory lending practices include engaging in aggressive, high pressure and/or misleading tactics. Defendants, and each of them, engaged in this kind of conduct toward TINAS.

16. AGENCY. On information and belief, TINAS allege that Countrywide was a corporation, institution, broker, lender, trustee, dealer or seller of securities, organized and existing under the corporate laws of California, and operates within California, or their States within the United States. On information and belief, TINAS allege defendants individuals operate as agents, managers, officers, or as trustee for the "mortgage Lender".

17. TINAS allege the defendant(s) operate a for profit foreclosure business. The event of foreclosure creates a negative financial comment to be placed in the plaintiffs' credit file resulting in damage to TINAS since a lower FICA score results in higher costs of credit which is kept by Experian, Transunion, and Equifax which are operational components of the Money Trust. This injury is fairly directly traceable to defendants' actions of conducting the trustee's sale on TINAS' subject property without answering their requests for the validation of debt and without crediting their account with payments tendered.

18. Defendants provided plaintiffs with papers that indicated that Defendants may be a debt collector attempting to collect a debt. No verification of debt was provided to plaintiffs. Defendant Countrywide's trustee, RECONTRUST COMPANY, N.A. sent notices that it was attempting to collect a debt. Defendants are in default in violation of the Fair Debt Collection Practices Act for State and Federal law. TINAS object to this violation of their protected rights under the debt collection laws of this State and the United States.

## FIRST CAUSE OF ACTION

**DECLARATORY JUDGMENT.** Against Defendants

19. TINAS reallege and incorporate by reference the allegations contained in paragraphs 1-18.

20. TINAS respectfully requests that the court declare that Plaintiffs are protected by the Fair Debt Collections Practices Act with its companion of Title 15 U.S.C. §1692 with all its reserved rights, benefits, and privileges. The Court should determine if the alleged debt collector or some other company has possession and can produce the original Note and Deed of Trust to identify the holder of the original instruments on the record.

21. The mortgages had interest rates above the rates that Plaintiffs were promised and had been disclosed in their original good faith estimate of closing costs and the total closing costs to Defendants were higher than in their original good faith estimate of closing costs. Plaintiffs had a high credit score in the 700's and asked for a fixed rate loan. Defendants changed the loan terms many times. Plaintiffs were told that they could not get one loan but would have to take out two loans to qualify. The mortgages had interest rates above the rates that Plaintiffs had been promised and had been disclosed in their original good faith estimate of closing costs. The total closing costs to plaintiffs were higher than in their original estimates.

22. Defendants engaged in wrongful conduct including but not limited to using an incorrect amount allegedly due and owing in the notice of default due to incorrect and improper charges, incorrect tax impound amounts, incorrect escrow amounts, and misapplied Plaintiff's mortgage payments. Defendant's improper actions in stating an incorrect amount due and owing, Defendant's incorrect tax and escrow impounds and misapplication of payments, declare the rights of the parties in and to the

subject notes of the transactions regarding the subject property, determine whether Defendants has complied with California Statues regarding a non-judicial foreclosure, including but not necessarily limited to requiring Defendants to produce the original signed promissory note with all attachments showing Defendants legal entitlement to schedule and conduct said Trustee's sale, and grant such other and further relief as the Court deems equitable, appropriate and just.

23. On or about August 15, 2006 Plaintiffs were just told to sign the loan documents and were given no time to read them. Defendants knew, or should have known that Plaintiffs could not afford the mortgage loans with the high rates at the time the loan was closed and further, would not understand that they were adding to the principal amount every month.

24. Plaintiffs fell behind in the payment of the aforesaid mortgage loan and Defendants have instituted a non-judicial foreclosure and Trustee's sale.

25. Defendants engaged in wrongful conduct including but not limited to using an incorrect amount allegedly due and owing in the notice of default due to incorrect and improper charges, incorrect tax impound amounts, incorrect escrow amounts, misapplied Plaintiffs' mortgage payments, and other violations at the closing held on or about August 15, 2006.

26. Until such time as Lenders and the mortgage loan servicer provide a detailed analysis of the amounts it contends are due and owing on the note and deed of trust at issue, and provides a breakdown of the amounts due and owing on the note and deed of trust, Plaintiffs request the entry of an injunction to enjoin Defendant's actions pursuant to California Business and Professions Code Section 17203.

27. The Court should declare whether or not the defendants can demonstrate legal status and standing in the true legal capacity as holder in due court of the original signed deed of trust and any related note.

28  The Court should determine whether or not the defendants have violated state securities laws as seen by California Financial Code §33560© and 22340 is applicable where there is fraudulent selling of eligible notes when in fact they are not selling them, merely the collection rights under the servicing agreement

29. A judicial determination is appropriate to determine the plaintiff's rights and duties with regards to the property loans and/or foreclosure. A declaration of rights and duties of the parties by the court is necessary to determine the actual status and validity of the loan and any rights, duties, and/or obligations to be enforced.

30. Plaintiffs are informed and believe that they alleged grounds for cancellation of the mortgage documents and deeds of trust for cause as stated herein and specifically as the character and relationship of the parties, the existence of the ground for recovery, including fraud, false representations, or impossibility of performance, defendants' failure to perform, and the inadequacy of a remedy at law.

31. The court should declare that laches applies to bar the alleged debt collector, or, since the trustee failed to comply with the Fair Debt Collection Practices Act in order to proceed to trustee sale of the property, the trustee is equitably estopped from taking any further action against the subject property.

## SECOND CAUSE OF ACTION
## INJUNCTIVE RELIEF. Against Defendants

32. TINAS reallege and incorporate by reference the allegations contained in paragraphs 1-31.

33. The trustee's wrongful sale and Unlawful detainer must be stayed to prevent great and irreparable injury to the plaintiff should the eviction occur as scheduled.

34. TINAS request the court for a Restraining Order enjoining and restraining the named Defendants from foreclosure on plaintiffs on the subject property pursuant to California Business and Professions Code Section 17203 to enjoin and restrain the Defendants from continuing to engage in Deceptive and Unfair Business Trade Practices, as more fully set forth in this Complaint and Plaintiff's accompanying Declaration.

35. The Deceptive and Unfair Business Trade Practices engaged in by Defendants include, but are not necessarily limited to, improperly raising Plaintiffs' interest rates prior to closing, violating the requirements of California Civil Code Section 2924 relating to non-judicial Trustee's foreclosure sales, stating an incorrect amount due and owing in the notice of default, incorrect tax and escrow impound amounts, and misapplied Plaintiff's payments.

36. Until such time as Defendant and the mortgage loan servicer provide a detailed analysis of the amounts it contends is due and owing on the note and deed of trust at issue, and provides a breakdown of the amounts due and owing on the note and deed of trust, Plaintiff requests the entry of an injunction to enjoin Defendant's actions pursuant to California Business and Professions Code Section 17203.

37 Plaintiffs will be irreparably injured if the parties are not enjoined in that they will suffer complete loss of their unique real property, which is not capable of being

duplicated, loss of all of her equity, loss of the right of possession and to live in their property, including the right of quiet enjoyment, would be uprooted and have their family uprooted from their community, and would suffer great personal injury, including defamation of his credit, the infliction of emotional distress upon Plaintiffs, may well become homeless, and suffers other damages personal to Plaintiffs.

38   Any potential harm to Defendants is slight when compared to the damage to be suffered by Plaintiffs and the equities balance and tip heavily in favor of Plaintiffs.

39   Plaintiffs have no other adequate remedy at law.

40   Plaintiffs seek entry of a preliminary injunction on a ex parte basis without notice to the named Defendant in that, were the defendants given advance notice of these proceedings they would in all likelihood seek to accelerate the damage Plaintiff seeks to apprehend.   Plaintiff has a good likelihood of prevailing on the merits of claim due to the nature and extent of Defendant's violations.

41   Plaintiff requests that the restraining Order be issued without bond as Plaintiff is unable to afford a bond of any kind or type. Plaintiffs will suffer extreme hardship in the absence of stay given their poor health and age. Defendants will not be irreparably injured by the issuance of a stay given the present economic climate and the obscene profits defendants already have made.

### THIRD CAUSE OF ACTION

**ACCOUNTING RELIEF**. Against Defendants Except ReContrust Company

42.   TINAS reallege and incorporate by reference the allegations contained in paragraphs 1-41.

43.   A controversy exists between Plaintiff and Defendants with respect to the correct amount of money that is actually owed by Plaintiffs to Defendants.  Defendant refuses to provide an accurate accounting or allow Plaintiff's representatives to audit defendant books and records as they relate to accounting.

44. As a result the correct amount of money due and owing from Plaintiff to Defendants remains in dispute and cannot be determined without an accounting.

45. Therefore Plaintiffs require that Defendants make available its books and records (only as they relate to Plaintiffs alleged loans) in order that Plaintiff may have a qualified representative audit the books, records, federal reserve collateral and borrower in custody agreements to determine the accounting of the financial transaction(s).

## FOURTH CAUSE OF ACTION

### DECEPTIVE FRAUD AND UNFAIR BUSINESS TRADE PRACTICES AND OTHER STATUTORY RELIEF. Against Defendants Except ReContrust Company

46. TINAS reallege and incorporate by reference the allegations contained in paragraphs 1-45.

47. Defendants acted in a fiduciary relationship of great trust and were to hold property for the plaintiffs' benefit. Defendants breached the fiduciary duty owed to plaintiffs and acted and continue to act for their own benefit to the detriment of the plaintiffs including failure to maintain proper accounting and wrongful attempt to foreclose on plaintiffs' property.

48. Defendants in their role as lenders have placed and negotiated loans without due care to the best interests and/or the protection of plaintiff's rights for their own enrichment.

49. As a direct and legal result of their breach of fiduciary duty Plaintiffs have suffered economic damages in the loss of funds and payment of fees and charges improperly incurred in an amount according to proof at the time of trial.

50. Defendants have acted contrary to the plaintiffs' best interests. The attempt to foreclose upon the subject property lawfully belonging to plaintiffs without

producing the documents which demonstrate their status and lawful rights for foreclosure constitutes a breach of the covenant of good faith and fair dealing in their rush to make obscene profits to debtor's detriment.  Their wrongful constitutes deceptive fraud, unfair business trade practices and other statutory violations as follows.

### Violations of 15 USCA 1611 et seq

51.   Defendants and each of them is directly or though agents or employees entities or persons actively involved in the extension of credit as said term is defined under the Truth in Lending Statute (TILA).  Said Defendants subject to the requirements of the Truth in Lending Act have violated the requirements of the said act in that among other things:

    a. They have failed to validate and otherwise make a full accounting and required disclosures as to the true finance charges and fees.

    b. They have improperly retained funds belonging to Plaintiff in amounts to be determined.

    c. To disclose the status of the ownership of said loans.

52. Plaintiff further alleges that these violations are such as to require rescission and or cancellation of the loan herein and return of all funds received by Defendants from Plaintiffs.

53. Plaintiffs further allege that they is entitled to compensatory damages and an amount to be determined at trial.

### VIOLATION OF 26 USCA 2605 ET SEQ.

54.   Plaintiffs alleges that Defendants and each of them are such as to fall within the requirements of the Real Estate Settlement Procedures Act (RESPA)., and placed loans for the purpose of unlawfully increasing and otherwise obtaining yield spread fees, excess charges and amounts in excess of what would have been lawfully earned.

55. In addition to the requirements of RESPA, LENDERS acted either individually or jointly as "Servicers as that term is used within the act and either individually or jointly violated the requirements of 26 USCA § 2605 (b) in that the servicing contract or duties there under were transferred or hypothecated with out required notice.

56. Plaintiffs allege that these violations are such as to require rescission and/or cancellation of the loan herein on and return of all funds received by Defendants from Plaintiffs.

### VIOLATION OF 15 USCA 1602 et seq.

57. Plaintiffs allege that the mortgage obtained by them through Defendants COUNTRYWIDE HOME LOANS, INC and AMERICA'S WHOLESALE LENDER by means unknown obtained and enforced by other Defendants herein falls within the purview 1602 et sec. commonly known as the Home Ownership and Equity Protection Act of 1994.

58. On information and belief Plaintiffs further allege that the within loan was placed in violation of the above act in that it was placed and administered and otherwise utilized without regard to Plaintiff's income or cash flow and with the intention of inducing default.

59. Plaintiffs became aware of this extension upon discovery of the intent to wrongfully foreclose upon and sell their property.

60. As a direct and legal consequence of the above conduct, Plaintiff has been damaged in amounts according to proof at time of trial.

### VIOLATION OF 15 USCA § 1692 and CALIFORNIA CIVIL CODE § 1788

61. Defendants are "debt collectors" either directly or through agents as that term is used in both the United State Code and the California Civil Code at § 1788 et seq. Plaintiffs attempted to request validation of the debts of the debt under both codes but that Defendants did not respond to their demands in such a way as to meet the requirements of the act. Thus, they are entitled to statutory damages under both acts.

62.  Defendants wrongfully dispute Plaintiffs' right to ownership and possession of their property and seek to deny them by means of a trustee's sale on July 11, 2008. Defendants wrongfully interfering and threats to dispossess plaintiffs of their property can not be compensated with payment of money damages. Plaintiffs have no adequate remedy at law for the continuing activity as they will lose their property and all they have put into the property.

63.  Plaintiffs allege that defendants' egregious conduct is of such a nature as to give them title to the subject property by right of rescission and remedy of right.

///
///
///
////
////
////
////

WHEREFORE, Plaintiffs pray for damages and other relief as follows:

1. A judicial declaration of the rights duties and obligations of the parties hereto
2  Compensatory damages according to proof
3  Statutory damages
4. Injunctive relief including the immediate issuance of a temporary restraining order and thereafter a preliminary injunction to maintain the status quo pending adjudication.
5. A Permanent Restraining Order enjoining and restraining the pending wrongful foreclosure sale;
6. Cancel and release any deeds of trust to the property to give title to Plaintiffs.
7. Award Attorneys' fees and costs to plaintiffs; and
8. Grant such other and further relief as the court deems fair equitable and just

Date: July 10, 2008                    Respectfully submitted,

*[signature]*
_____
ROSARIO TINA, Plaintiff

*by [signature]*
_____
JESUS G. TINA, Plaintiff

## VERIFICATION

I, ROSARIO TINA, am a undersigned Plaintiff in this matter. I have read the foregoing complaint for damages and know the contents thereof. The facts and allegations contained therein are true and correct of my own knowledge, except as to those matters which are alleged on information and belief; and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in National City, California.

Dated this 10 th day of July, 2008.

*[signature]*
ROSARIO TINA, Plaintiff

## VERIFICATION

I, JESUS G. TINA, am a undersigned Plaintiff in this matter. I have read the foregoing complaint for damages and know the contents thereof. The facts and allegations contained therein are true and correct of my own knowledge, except as to those matters which are alleged on information and belief; and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in National City, California.

Dated this 10 th day of July, 2008.

*[signature]*
JESUS G. TINA, Plaintiff

```
            UNITED STATES
            DISTRICT COURT
         SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

          # 152891     - TC
          * * C O P Y * *
             July 10, 2008
               16:40:27


          Civ Fil Non-Pris
USAO #.: 08CV1233
Judge..: MARILYN L HUFF
Amount.:                 $340.00 CA
                          $10.00 CC
Check#.:     0



          Total->  $350.00


FROM: COPIES
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROSARIO TINA; JESUS G TINA, Pro se

### DEFENDANTS
COUNTRYWIDE HOME LOANS, INC., AMERICA'S WHOLESALE LENDER, RECONTRUST COMPANY

**FILED 2008 JUL 10 PM 4:34**
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ KMH _____ DEPUTY

**'08 CV 1233 H AJB**

(b) County of Residence of First Listed Plaintiff: SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
ROSARIO TINA, & JESUS G. TINA, 1220 MANCHESTER STREET, NATIONAL CITY, CA 91950, Phone: 619-5817844

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | | ☐ 535 Death Penalty | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692
Brief description of cause:
Fraud, violations of FRCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 07/10/2008
SIGNATURE OF ATTORNEY OF RECORD: /s/ Rosario Tina

**FOR OFFICE USE ONLY**
RECEIPT # 152891   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JAC 7/10/08

