# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO TINA, and JESUS G. TINA,<br><br>        Plaintiffs,<br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>        Defendants. | CASE NO. 08 CV 1233 JM (NLS)<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Plaintiffs Rosario Tina and Jesus G. Tina filed this action on July 10, 2008. The case was originally assigned to U.S. District Judge Marilyn Huff. Concurrent with the filing of the complaint, Plaintiffs filed an ex parte application for a temporary restraining order ("TRO") and preliminary injunction staying the foreclosure of their property scheduled for July 11, 2008. On July 11, 2008, Judge Huff issued an order declining to grant ex parte injunctive relief and setting a briefing schedule regarding the application. The case was transferred to this court pursuant to the low-number rule on July 14, 2008. Defendants filed an opposition on July 15, 2008. The court finds this application appropriate for submission without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons set forth below, the court hereby **DENIES** the application for a TRO and preliminary injunction.

## I.    BACKGROUND

According to the complaint, Plaintiffs owned property located at 1720 East Fourth Street in National City, California. (Compl. at 3 ¶ 5.) In August 2006, Plaintiffs obtained a loan from defendants Countrywide Home Loans, Inc. ("Countrywide"), and America's Wholesale Lender. (See

1  id.) Defendant Reconstruct Co. is Countrywide's trustee for foreclosure servicing. (Id. at 3 ¶ 8.)
2  When Plaintiffs "fell behind" on their loan payments, Defendants instituted a non-judicial foreclosure
3  and trustee's sale. (Id. at 8 ¶ 24.) The foreclosure sale occurred on July 11, 2008. (Opp'n at 2.)
4      Plaintiffs assert four claims for relief. First, they seek a declaratory judgment that, inter alia,
5  Plaintiffs deserve relief under the Fair Debt Collections Practices Act and 15 U.S.C. § 1692. Second,
6  they seek injunctive relief pursuant to Cal. Bus. and Prof. Code § 17203. They allege that Defendants'
7  unlawful business practices include a violation of Cal. Civ. Code ¶ 2924. Third, they seek accounting
8  relief arising out of an alleged controversy regarding the amount of money Plaintiffs owe Defendants.
9  Fourth, they seek relief for "deceptive fraud and unfair business trade practices and other statutory
10 relief." The fourth claim alleges violations of the following five statutes: (1) the Truth in Lending Act
11 ("TILA"), 15 U.S.C. § 1611, et seq.; (2) the Real Estate Settlement Procedures Act ("RESPA"), 26
12 U.S.C. § 2605, et seq.; (3) the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15
13 U.S.C. § 1602, et seq.; (4) 15 U.S.C. § 1692; and (5) Cal. Civ. Code § 1788.

14 **II.   DISCUSSION**
15     **A.   Legal Standards**
16     In the Ninth Circuit, the tests governing preliminary injunctions also apply to TROs. See, e.g.,
17 Superior Servs., Inc. v. Dalton, 851 F. Supp. 381, 384-85 (S.D. Cal. 1994). Preliminary injunctive
18 relief is available if the party meets one of two tests: (1) a combination of probable success and the
19 possibility of irreparable harm, or (2) the party raises serious questions and the balance of hardship
20 tips in its favor. Arcamuzi v. Cont'l Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two
21 formulations represent two points on a sliding scale in which the required degree of irreparable harm
22 increases as the probability of success decreases." Id. (internal quotation marks omitted). Under both
23 formulations, however, the party must demonstrate a "fair chance of success on the merits, or
24 questions serious enough to require litigation," and a "significant threat of irreparable injury." Id.;
25 see also Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994) (party seeking preliminary
26 injunction must demonstrate inadequacy of legal remedies). A TRO "should be restricted to serving
27 [its] underlying purpose of preserving the status quo and preventing irreparable harm[.]" Granny
28 Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974).

**B.    Analysis**

According to Defendants, the foreclosure sale occurred at 10:00 a.m. on July 11, 2008. (Decl. of K. Braithwaite at 4 ¶ 12.) Because a TRO would no longer preserve the former status quo, the application for a TRO and preliminary injunction is moot.

Even if the application were not moot, Plaintiffs fail to satisfy the requirements for emergency injunctive relief. The court agrees with Plaintiffs' contention that legal remedies are inadequate because only equitable relief can prevent a foreclosure sale. Nevertheless, the record presented by Plaintiffs consists largely of conclusory arguments with no factual evidentiary support. This showing falls far short of demonstrating a "fair chance of success on the merits." Arcamuzi, 819 F.2d at 937. Plaintiffs also have not demonstrated that the possibility of irreparable harm to them outweighs the likely hardship to Defendants. While foreclosure would cause Plaintiffs to lose their property, an injunction would prevent Defendants from proceeding with the long-scheduled sale of a property which, for Defendants, constitutes their exclusive remedy. Plaintiffs' inadequate showing of a "fair chance of success on the merits" bolsters the conclusion that Plaintiffs do not show a "significant threat" of irreparable harm. Arcamuzi, 819 F.2d at 937. Thus, on the "sliding scale" contemplated by Arcamuzi, 819 F.2d at 937, Plaintiffs fail to demonstrate a degree of relative hardship sufficient to offset their showing regarding success on the merits.

In sum, because the application is moot and the current evidentiary record does not form an adequate basis for injunctive relief, the court denies the application for a TRO and preliminary injunction.

**III.    CONCLUSION**

For the foregoing reasons, the court hereby **DENIES** the application for a temporary restraining order and preliminary injunction.

**IT IS SO ORDERED.**

DATED: August 5, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge