1  ROBERT E. BOONE III (California Bar No. 132780)
   **BRYAN CAVE LLP**
2  120 Broadway, Suite 300
   Santa Monica, CA 90401-2386
3  Telephone:  (310) 576-2100
   Facsimile:   (310) 576-2200
4  Email:  reboone@bryancave.com

5  STACEY L. HERTER (California Bar No. 185366)
   **BRYAN CAVE LLP**
6  3161 Michelson Drive, Suite 1500
   Irvine, California 92612-4414
7  Telephone:  (949) 223-7000
   Facsimile:   (949) 223-7100
8  Email:  Stacey.Herter@bryancave.com
9
   Attorneys for Defendant
10 COUNTRYWIDE HOME LOANS, INC., individually
   and dba AMERICA'S WHOLESALE LENDER; and
11 RECONTRUST COMPANY

12

13              **UNITED STATES DISTRICT COURT**

14            **SOUTHERN DISTRICT OF CALIFORNIA**

15

16 ROSARIO TINA, and JESUS G. TINA,      | Case No. 08 CV 1233 JM NLS

17          Plaintiffs,                   | **DEFENDANTS COUNTRYWIDE
                                          | HOME LOANS, INC.'S AND
18          vs.                           | RECONTRUST COMPANY'S
                                          | NOTICE OF MOTION AND
19 COUNTRYWIDE HOME LOANS,               | MOTION TO DISMISS VERIFIED
   INC.; AMERICA'S WHOLESALE            | COMPLAINT AND MOTION FOR
20 LENDER; RECONTRUST COMPANY,          | MORE DEFINITE STATEMENT;
                                          | MEMORANDUM OF POINTS AND
21          Defendants.                   | AUTHORITIES IN SUPPORT
                                          | THEREOF
22
                                          | DATE:      Friday, October 3, 2008
23                                        | TIME:      1:30 pm
                                          | CTRM:      16 – 5th floor
24

25

26

27

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD

2    PLEASE TAKE NOTICE that on October 3, 2008, at 1:30 p.m., or as soon

3    thereafter as this matter may be heard, before the Honorable Jeffrey T. Miller in

4    Courtroom 16 (5th Floor) of the United States District Court for the Southern District

5    of California, located at 940 Front Street, San Diego, California, 92101, defendants

6    Countrywide Home Loans, Inc., individually and dba America's Wholesale Lender

7    ("Countrywide"), and Defendant ReconTrust Company ("ReconTrust") will, and

8    hereby do, move this Court for an Order, pursuant to Federal Rule of Civil

9    Procedure 12(b)(6), dismissing Causes of Action Nos. One through Four, inclusive,

10    from Plaintiffs' Verified Complaint ("Complaint"), filed on July 10, 2008.   In the

11    alternative, if this Court does not dismiss all of Plaintiffs' claims, Countrywide and

12    ReconTrust hereby request an order pursuant to Federal Rule 12(e) requiring

13    Plaintiffs to provide a more definite statement of their remaining claims.

14    As more fully explained in the accompanying Memorandum of Points and

15    Authorities, this Motion is made on the grounds that Plaintiffs' claims fail to state a

16    claim for relief against Countrywide or ReconTrust.  Among other reasons,

17    Plaintiffs' claims are not supported by adequate factual allegations to show any

18    actionable violations of law occurred that are attributable to Countrywide or

19    ReconTrust.

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS376239.1

1

1        This Motion is based on this Notice of Motion and Motion, the attached

2    Memorandum of Points and Authorities in support thereof, the Request for Judicial

3    Notice and exhibits attached thereto, all pleadings and papers on file in the action,

4    all other matters of which the Court may take judicial notice, and such other and

5    further matters as may be presented to the Court at or in connection with the

6    hearing.

7

8    Dated:  August 29, 2008                    ROBERT E. BOONE III, ESQ.
                                              STACEY L. HERTER
9                                             **BRYAN CAVE LLP**

10

11                                            By:   /s/ Stacey Herter

12                                                  Stacey L. Herter
                                              Attorneys for Defendant
13                                            COUNTRYWIDE HOME LOANS, INC.,
                                              individually and dba AMERICA'S
14                                            WHOLESALE LENDER; and
                                              RECONTRUST COMPANY
15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS376239.1                    2

1

**TABLE OF CONTENTS**

**PAGE**

2

I.   INTRODUCTION AND STATEMENT OF ISSUES. ............................................ 1

3

II.  SUMMARY OF FACTUAL ALLEGATIONS. ........................................... 2

4

    A.   Allegations In The Complaint. ........................................... 2

5

    B.   Plaintiffs' Loans ........................................... 3

6

III. THE APPLICABLE LEGAL STANDARDS APPLIED TO A MOTION
     TO DISMISS PURSUANT TO RULE 12(B)(6). ........................................... 3

7

    A.   The Complaint Does Not Allege Any Facts Concerning Any
        Purported Wrongdoing By Countrywide Or ReconTrust. ................................ 6

8

    B.   Plaintiffs' First Cause of Action for Declaratory Judgment Fails ..................... 6

9

    C.   Plaintiffs' Claim For Injunctive Relief Against Countrywide And
        ReconTrust Should Be Dismissed Because It Is Moot And Because
        Plaintiffs Have Not Tendered The Amounts Owed On The Loan. .................. 8

10

11

        1.   The Court Should Deny The Application For Preliminary
            Injunction Because It Is Moot ................................................ 8

12

13

        2.   Plaintiffs Lack Standing To Seek An Injunction To
            Challenge The Foreclosure Sale Because They Have Not
            Tendered The Undisputed Amount Owing On The Loan .................... 9

14

15

    D.   Plaintiffs' Third Cause of Action for Accounting Relief Fails
        Because There is No Fiduciary Relationship Between the Parties. ............... 10

16

    E.   Plaintiffs' Fourth Cause of Action for Deceptive Fraud and Unfair
        Business Trade Practices and Other Statutory Relief Fails To State
        A Claim Under California Law ........................................... 12

17

18

        1.   Plaintiffs' Damages Claims Are Barred By The One-Year
            Statute Of Limitations. ................................................ 13

19

20

        2.   Plaintiffs' TILA Claims Must Be Dismissed Because The
            Alleged TILA Violations Are Not Apparent On The Face Of
            The Loan Documents. ................................................ 15

21

22

        3.   Plaintiffs' RESPA-Based Claims Must Be Dismissed
            Because RESPA Does Not Provide A Private Right Of
            Action. ................................................ 16

23

24

        4.   Alternatively, Plaintiffs' RESPA-Based Claims Fail Because
            the Complaint fails to allege that Defendants received a
            Qualified Written Request from Plaintiffs. ........................... 17

25

26

        5.   Plaintiffs' Attempt to Borrow from Violations Under 15
            U.S.C § 1639 Must Be Disallowed Because Plaintiffs Do
            Not Have A High Cost Loan Subject To HOEPA. ................................ 18

27

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1      6.    Plaintiffs Cannot State A Claim For Violation Of The FDCP. .............. 20

2    F.   Plaintiffs Should Be Ordered To Provide A More Definite
         Statement Of Any Remaining Claims. ........................................................... 21

3   IV.  CONCLUSION ........................................................................................................ 22

4

5

6

7

8

9

10

11

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

1

2

**PAGE**

**Cases**

*Amari v. Radio Spirits, Inc.,*
219 F.Supp.2d 942 (N.D.Ill. 2002) ............................................................... 6

*Anderson v. District Bd. of Trustees of Cent.l Fla. Comm. College,*
77 F.3d 364 (11th Cir. 1996) ...................................................................... 18

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.,*
159 F.3d 1178 (9th Cir. 1998) ...................................................................... 4

*B&O Manufacturing, Inc. v. Home Depot U.S.A., Inc.,*
2007 WL 3232276 (N.D.Cal. 2007) ............................................................. 6

*Balistreri v. Pacifica Police Dept.,*
901 F.2d 696 (9th Cir. 1988) ........................................................................ 4

*Barilla v. Ervin,*
886 F.2d 1514 (9th Cir. 1989) ..................................................................... 8

*Bautista v. Los Angeles County,*
216 F.3d 837 (9th Cir. 2000) ................................................................. 5, 18

*Bloom v. Martin,*
865 F. Supp. 1377 (N.D. Cal. 1994) .......................................................... 14

*Branch v. Tunnell,*
14 F.3d 449 (9th Cir. 1994) .......................................................................... 4

*Brodo v. Bankers Trust Co.,*
847 F. Supp. 353 (E.D. Pa. 1994) .............................................................. 13

*Brother v. CPL Invts., Inc.,*
317 F. Supp. 2d 1358 (S.D. Fla. Mar. 22, 2004) ......................................... 7

*Cairns v. Franklin Mint Co.,*
24 F. Supp. 2d 1013 (C.D. Cal. 1998) ......................................................... 3

*Clark v. City of Lakewood,*
259 F.3d 996 (9th Cir. 2001) ........................................................................ 7

*Clegg v. Cult Awareness Network,*
18 F.3d 752 (9th Cir. 1994) .................................................................... 4, 11

*Connor v. Great Western Savings & Loan Association,*
69 Cal.2d 850 (1968) ................................................................................. 10

*Grove v. DeLa Cruz,*
407 F. Supp. 2d 1126 (C.D. Cal. Oct. 31, 2005) ......................................... 7

*Hall v. Time Inc.,*
158 Cal. App. 4th 847 (2008) ..................................................................... 11

*In re Community Bank of Northern Va.,*
418 F.3d 277 (3d Cir. 2005) ....................................................................... 16

*In re Reagoso,*
Case No. 06-12961, 2007 WL 1655376 (Bankr. E.D. Pa. June 6, 2007)...... 16

*Jablon v. Dean Witter & Co.,*
614 F.2d 677 (9th Cir. 1980) ........................................................................ 4

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Janis v. California State Lottery Com.,*
 68 Cal.App.4th 824 (1998) ........................................................................... 9

*Justice v. Countrywide Home Loans, Inc.,*
 Case No. 3:05-CV-008, 2006 WL 141746 (E.D. Tenn. Jan. 18, 2006) .......................... 16

*King v. California,*
 784 F.2d 910 (9th Cir. 1986) ........................................................................... 4

*Marks v. Ocwen Loan Servicing,*
 Case No. C 07-02133, 2008 WL 344210 (N.D. Cal. Feb. 6, 2008) ............................. 13

*Medical Society of New Jersey v. Herr,*
 191 F. Supp. 2d 574 (D.N.J. Mar. 21, 2002) ......................................................... 7

*Meyer v. Sprint Spectrum L.P.,*
 150 Cal. App. 4th 1136 (2007) ................................................................... 7, 12

*Nymark v. Heart Federal Savings & Loan  Association,*
 231 Cal.App.3d 1089 (1991) ......................................................................... 10

*Parrino v. FHP, Inc.,*
 146 F.3d 699 (9th Cir. 1998) ........................................................................... 4

*Peoples Finance & Thrift Co. of Visalia v. Bowman,*
 58 Cal.App.2d 729 (1943) ............................................................................. 9

*Price v. Wells Fargo Bank,*
 213 Cal.App.3d 465 (1989) ........................................................................... 10

*Renne v. Geary,*
 501 U.S. 312 (1991) ..................................................................................... 7

*Ritter v. Durand Chevrolet, Inc.,*
 932 F. Supp 32 (D. Mass. 1996) ..................................................................... 13

*Smith v. Highland Bank,*
 915 F.Supp 281 (N.D. Ala. 1996) ................................................................... 13

*Sumner Peck Ranch v. Bureau of Reclamation,*
 823 F. Supp. 715 (E.D. Cal. 1993) ................................................................... 4

*UMET Trust v. Santa Monica Medical Investment Company,*
 140 Cal.App.3d 864 (1983) ........................................................................... 10

*United States Cold Storage v. Great W. Sav. & Loan Ass'n,*
 165 Cal. App. 3d 1214 (1985) ......................................................................... 8

*Verdier v. Superior Court,*
 88 Cal.App.2d 527 (1948) ............................................................................. 9

*Wachtel v. West,*
 476 F.2d 1062, 1065 (6th Cir. 1973) ............................................................... 12

*West v. Secretary of Dept. of Transp.,*
 206 F.3d 920 (9th Cir. 2000) ........................................................................... 7

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**Statutes**

12 C.F.R. § 226.32(a)(1) ............................................................................... 16
12 U.S.C. § 2601 .......................................................................................... 14
12 U.S.C. § 2603 .......................................................................................... 14
12 U.S.C. § 2605(e)(1)(A) ........................................................................... 14
12 U.S.C. § 2605(e)(1)(B) ........................................................................... 15
12 U.S.C. § 2614 .......................................................................................... 14
15 U.S.C § 1639 ........................................................................................... 15
15 U.S.C. § 1602(aa)(1) & (3) ..................................................................... 16
15 U.S.C. § 1602(f) ...................................................................................... 13
15 U.S.C. § 1639 ............................................................................................ 1
15 U.S.C. § 1640(a) ..................................................................................... 12
15 U.S.C. § 1640(e) ..................................................................................... 11
15 U.S.C. § 1641 .......................................................................................... 13
15 U.S.C. § 1692 ............................................................................................ 6
15 U.S.C. § 1692e(2), (5) ............................................................................ 17
15 U.S.C. § 1692f ......................................................................................... 17
15 U.S.C. § 1692f(1), (6) ............................................................................ 17
Cal. Bus. & Prof. Code § 17203 .................................................................. 11
Cal. Civ. Code § 1632 .................................................................................... 2
Fed. R. Civ. P. 8 ............................................................................................. 5
Fed. R. Civ. P. 12(b)(6) ................................................................................. 3
Fed. R. Civ. P. 12(e) ..................................................................................... 18

**Other Authorities**

5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 775 ............................. 9
California Financial Code § 33560 and 22340 ............................................... 6

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IR01DOCS376239.1

MOTION TO DISMISS

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION AND STATEMENT OF ISSUES.**

3    Plaintiffs Rosario and Jesus Tina ("Plaintiffs") improperly seek damages and

4    other relief against defendants Countrywide Home Loans, Inc. ("Countrywide") and

5    ReconTrust Company, N.A. ("ReconTrust") (collectively "Defendants").  Although

6    not clear from the shotgun and conclusory allegations of the Complaint, Plaintiffs

7    seem to base their claims on alleged events that occurred during the time they

8    applied for and closed on two mortgage loans totaling $556,000 (the "Loans").

9    Specifically, Plaintiffs claim that they signed documents that they did not

10   understand and obtained a loan that was set for foreclosure -- and did foreclose -- on

11   July 11, 2008.

12   Defendants were not involved in the origination of the Loans, yet Plaintiffs

13   named them in all four purported causes of action set forth in the Complaint.

14   Plaintiffs have not alleged any facts that, if proven, could show that Defendants are

15   liable to Plaintiffs on any of their claims.  Accordingly, all claims against should be

16   dismissed.

17   Even if Plaintiffs could amend the Complaint to allege some basis for suing

18   Defendants, their damages and injunctive relief claims would still fail as a matter of

19   law.  Plaintiffs' either lack standing to maintain their causes of action, the causes of

20   action are moot or they are predicated on alleged disclosure violations under the

21   Truth in Lending Act ("TILA") and/or the Real Estate Settlement Procedures Act

22   ("RESPA").  The latter fails because there is no private right of action for disclosure

23   claims under RESPA.  Plaintiffs also assert claims under the Home Ownership and

24   Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, which has no application to

25   Plaintiffs' Loans because the Loans are not "high cost" under federal law.  In sum,

26   Plaintiffs have asserted disclosure-related claims, as well as derivative claims for

27   unfair trade practices and injunctive relief, that relate to acts that occurred at the

28   inception of Plaintiffs' Loans in which Defendants took no part.  Accordingly, all

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  claims against Defendants should be dismissed.

2  **II.    SUMMARY OF FACTUAL ALLEGATIONS.**

3      **A.    Allegations In The Complaint.**

4      Plaintiffs' claims are difficult to discern. The Complaint is pled in vague

5  generalities and asserts four causes of actions against Defendants for Declaratory

6  Judgment, Injunctive Relief, Accounting Relief and Deceptive Fraud and Unfair

7  Business Trade Practices and Other Statutory Relief based upon alleged violations

8  of TILA, RESPA, HOEPA and the Fair Debt Collection Practices Act.

9      Plaintiffs claim that they are not native English speakers and California Civil

10  Code section 1632 requires that the mortgage be translated into their language.[1]

11  Plaintiffs allege that on August 15, 2006, they obtained a loan from Countrywide.

12  They allege that they signed documents that they did not understand and obtained

13  the loans that were for foreclosure – and went to foreclosure -- on July 11, 2008.

14      Notably, Plaintiffs do not allege any facts about the loan broker who helped

15  them obtain the Loans.  Plaintiffs do not allege any facts about what they received

16  from the Loans, including all of the "cash out" portion.  Plaintiffs do not allege any

17  facts to show that they repaid any portion of the Loans.  In other words, Plaintiffs do

18  not allege any facts of any type about Defendants.

19      **B.    Plaintiffs' Loans**

20      In August 2006, Plaintiffs had a loan on their property with Washington

21  Mutual Bank.  (See Docket No. 7 [Declaration of Kirsten Braithwaite in Support of

22  _____

23  [1]    Plaintiffs misread section 1632. Under section 1632, "[a]ny person engaged in a trade or business who negotiates primarily in Tagalog . . . , orally or in writing, in the

24  course of entering into [a variety of agreements] shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or

25  agreement in the language in which the contract or agreement was negotiated . ." (Civil

26  Code § 1632(b) (emphasis added).) In other words, only those persons who negotiate directly with a person in Tagalog are obligated to provide translations of the negotiated

27  contract or agreement "prior to the execution thereof." Note that Plaintiffs do not allege the language that they speak, and Countrywide is speculating that it is Tagalog.

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  Opposition to Application for Injunction], ¶ 8.) Plaintiffs located a broker,

2  Morningstar Capital Corporation, and sought a loan. The loan broker put together a

3  loan application package, and shopped it to, among others, Countrywide. (See

4  Docket No. 7 [Braithwaite Decl.], ¶ 3.)

5       Based on the broker's submission on behalf of Plaintiffs, Countrywide offered

6  to make Plaintiffs a first position loan for $486,500 and a second position loan for

7  $69,500. Plaintiffs accepted the loan terms, and signed the loan documents. (See

8  Docket No. 7 [Braithwaite Decl.], ¶ 3.)

9       On August 18, 2006, the loan transaction closed. The existing Washington

10  Mutual loan was paid off through escrow, Plaintiffs paid approximately $4,000 to

11  hazard insurance and property taxes, approximately $6,000 to their broker, and they

12  received approximately $157,000 from escrow. (See Docket No. 7 [Braithwaite

13  Decl.], ¶¶ 8-10.) Plaintiffs do not allege what they did with their $157,000.

14       Plaintiffs began repaying the loan in October 2006, as agreed. They made

15  payments through August 2007, when they defaulted. Plaintiffs offer no

16  explanation for their default. (See Docket No. 7 [Braithwaite Decl.], ¶¶ 5-7.)

17       Countrywide began foreclosure proceedings in March 2008. When the default

18  was not cured, in June 2008, the trustee, ReconTrust, set a foreclosure sale for July

19  11, 2008. The sale took place as noticed at 10:00 a.m. (See Docket No. 7

20  [Braithwaite Decl.], ¶12; see also Docket No. 7 [Declaration of Eva Tapia in

21  Support of Opposition to Application], ¶ 2-6.)

22  **III.    THE APPLICABLE LEGAL STANDARDS APPLIED TO A MOTION**

23  **TO DISMISS PURSUANT TO RULE 12(B)(6).**

24       A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims

25  asserted in the complaint. (*Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1023

26  (C.D. Cal. 1998).) Dismissal under Rule 12(b)(6) may be based either on the "lack

27  of a cognizable legal theory" or on "the absence of sufficient facts alleged under a

28  cognizable legal theory." (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  (9th Cir. 1988).)  Additionally, a motion to dismiss is proper when Plaintiffs seek

2  remedies to which they are not entitled as a matter of law.  (*See, e.g., King v.*

3  *California*, 784 F.2d 910 (9th Cir. 1986), cert. denied, 484 U.S. 802 (1987).)  Thus,

4  time-barred claims and remedies are properly disposed of on a motion to dismiss.

5  (*See id; see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).)

6        While the Court must construe the facts in the light most favorable to the non-

7  moving party, "conclusory allegations of law and unwarranted inferences are not

8  sufficient to defeat a motion to dismiss." (*Associated Gen. Contrs. of Am. v.*

9  *Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (citation omitted).)

10  "[T]he court is not required to accept legal conclusions cast in the form of factual

11  allegations if those conclusions cannot reasonably be drawn from the facts alleged."

12  (*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).)

13        This Court may also consider Plaintiffs' loan documents on this Motion to

14  Dismiss and other matters that can be judicially noticed.  (*See Sumner Peck Ranch v.*

15  *Bureau of Reclamation*, 823 F. Supp. 715, 720 (E.D. Cal. 1993), holding that the

16  Court "may disregard allegations in the complaint if contradicted by facts

17  established by exhibits attached to the complaint" or by documents referred to in the

18  complaint; *see also Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), holding

19  that a document not attached to the complaint whose contents are alleged in the

20  complaint and whose authenticity is not questioned may be considered on a Rule

21  12(b)(6) motion to dismiss; *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.3 (9th Cir.

22  1998), holding that document integral to plaintiff's claims may be attached to

23  motion to dismiss, because plaintiff obviously aware of contents.)

24        Plaintiffs' Complaint makes repeated reference to the Loans. (See Complaint

25  at ¶¶ 5, 13, 21 and 23.)  The document containing the terms of the Loans, i.e., the

26  Note and the DOT, forms the basis of Plaintiffs' claims.  The reason Plaintiffs did

27  not attach these documents to the Complaint is that their signatures on these

28  documents invalidate each and every one of their Causes of Action.  In the

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  concurrently filed Request for Judicial Notice ("RJN"), Defendants request that the

2  Court take judicial notice of the Note and the DOT. Defendants also request that the

3  Court consider the terms of the Note and the DOT in evaluating the sufficiency of

4  Plaintiffs' claims.

5      As discussed below, Plaintiffs have failed to state a claim for relief against

6  Defendants on any of the four purported causes of action. The Complaint is

7  conclusory and lacks the necessary factual allegations to support Plaintiffs' claims

8  and must be dismissed.

9      **A.**    <u>**The Complaint Does Not Allege Any Facts Concerning Any**</u>

10           <u>**Purported Wrongdoing By Countrywide Or ReconTrust.**</u>

11      As a threshold matter, all claims against Countrywide and ReconTrust must

12  be dismissed because the Complaint fails to allege any actionable wrongdoing by

13  either defendant. To state a claim for relief in compliance with Rule 8 of the

14  Federal Rules of Civil Procedure, "each plaintiff must plead a short and plain

15  statement of the elements of his or her claim, identifying the transaction or

16  occurrence giving rise to the claim and the elements of the prima facie case."

17  (*Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).) Plaintiffs have

18  failed to satisfy this burden with respect to their claims against Defendants.

19      Plaintiffs do not allege that Countrywide engaged in any misconduct with

20  respect to loan servicing activities. All of the alleged misconduct occurred at loan

21  inception, before Countrywide had any involvement with or connection to the Loan.

22  Similarly, ReconTrust is identified only as the "trustee for foreclosure servicing"

23  (See Complaint, ¶ 8), but there are no allegations suggesting any impropriety in the

24  conduct of ReconTrust. Accordingly, before any claim for relief can be stated

25  against Countrywide or ReconTrust, Plaintiffs must amend to allege some factual

26  basis for suing those parties.

27      **B.**    <u>**Plaintiffs' First Cause of Action for Declaratory Judgment Fails**</u>

28      Plaintiffs' First Cause of Action seeks the following declarations:

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1    (1)   "that Plaintiffs are protected by the Fair debt Collections Practices Act
2 with its companion of Title 15 U.S.C. § 1692 with all its reserved rights, benefits,
3 and privileges" (Complaint, ¶ 20);

4    (2)   "whether or not the defendants have violated state securities laws as
5 seen by California Financial Code § 33560 and 22340 is applicable where there is a
6 fraudulent selling of eligible notes when in fact they are not selling them, merely the
7 collection rights under the servicing agreement (Complaint, ¶ 28); and

8    (3)   "that laches applies to bar the alleged debt collector, or, since the
9 trustee failed to comply with the Fair Debt Collection Practices Act in order to
10 proceed to trustee sale of the property, the trustee is equitably estopped form taking
11 any further action against the subject property." (Complaint, ¶ 31)

12    This claim fails because (1) the resolution of the other claims in Plaintiffs'
13 Complaint makes the declaratory relief claim moot, and (2) no actual controversy
14 exists on which declaratory relief may be granted.

15    Plaintiffs' claim for declaratory judgment serves no purpose because the
16 resolution and dismissal of the substantive claims in the Complaint will resolve the
17 issues involved in this declaratory relief claim. (*Amari v. Radio Spirits, Inc.*, 219
18 F.Supp.2d 942, 944 (N.D.Ill. 2002), holding that "[a]ll of the issues in the
19 declaratory judgment claim will be resolved by the substantive action, so the
20 declaratory judgment serves no useful purpose.") Plaintiffs' claim for declaratory
21 judgment invokes the same allegations that form their other claims. Because these
22 allegations are resolved in connection with the three remaining causes of action, and
23 because Plaintiffs are not entitled to any relief, the claim for declaratory relief
24 cannot stand. (*B&O Manufacturing, Inc. v. Home Depot U.S.A., Inc.*, 2007 WL
25 3232276, at *7 (N.D.Cal. 2007).)

26    Equally, the fact that the foreclosure sale took place on July 11, 2008 means
27 that any alleged "actual controversy" has ceased to exist as to Plaintiffs' property.
28 For these reason, Plaintiffs' claim for declaratory judgment fails. (*Meyer v. Sprint*

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

MOTION TO DISMISS

1 *Spectrum L.P.*, 150 Cal. App. 4th 1136 (2007), holding that no actual controversy

2 exists where plaintiffs failed to state a substantive claim.)

3 **C.    Plaintiffs' Claim For Injunctive Relief Against Countrywide And**

4 **ReconTrust Should Be Dismissed Because It Is Moot And Because**

5 **Plaintiffs Have Not Tendered The Amounts Owed On The Loan.**

6 Plaintiffs' Second Cause Of Action for Injunctive Relief against Countrywide

7 and ReconTrust fails, as discussed in detail below.

8 1.    The Court Should Deny The Application For Preliminary

9 Injunction Because It Is Moot

10 A case is moot "when the issues presented are no longer 'live' or the parties

11 lack a legally cognizable interest in the outcome." (*Clark v. City of Lakewood*, 259

12 F.3d 996, 1011 (9th Cir. 2001).) "Past exposure to illegal conduct does not in itself

13 show a present case or controversy . . . if unaccompanied by any continuing, present

14 of a lawsuit create an environment in which the Court can no longer give adverse

15 effects." (*Renne v. Geary*, 501 U.S. 312, 320-21 (1991) (citation omitted).) "This

16 requisite ensures that the courts are able to grant effective relief, rather than

17 rendering advisory opinions." (*Medical Society of New Jersey v. Herr*, 191 F. Supp.

18 2d 574, 581 (D.N.J. Mar. 21, 2002).) "The question is whether there can be *any*

19 effective relief." (*West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir.

20 2000); *Brother v. CPL Invts., Inc.*, 317 F. Supp. 2d 1358, 1372 (S.D. Fla. Mar. 22,

21 2004) (Martinez, J.) ("An issue is moot when actions subsequent to the

22 commencement meaningful relief.").) "[P]art or all of a case may become moot if

23 (1) 'subsequent events [have] made it absolutely clear that the allegedly wrongful

24 behavior [cannot] reasonably be expected to recur,' and (2) 'interim relief or events

25 have completely and irrevocably eradicated the effects of the alleged violation.'"

26 (*Grove v. DeLa Cruz*, 407 F. Supp. 2d 1126, 1130 (C.D. Cal. Oct. 31, 2005)

27 (Snyder, J.) (citations omitted) (emphasis added).)

28

1    Mootness is a jurisdictional defect that can be raised at any time by the parties

2 or the court sua sponte. (*Barilla v. Ervin*, 886 F.2d 1514, 1519 (9th Cir. 1989) ("this

3 court cannot be divested of its obligation to consider the issue of mootness on the

4 grounds that the timing or manner in which a party has raised the issue is somehow

5 procedurally improper").)

6    Plaintiffs seek to enjoin Countrywide's foreclosure sale. However, the

7 foreclosure sale has already occurred, and cannot now be enjoined.  The foreclosure

8 sale occurred on July 11, 2008, at 10:00 a.m. (See Docket No. 7 [Tapia Decl.], ¶¶ 2-

9 6.)  Because the foreclosure sale has already occurred, Plaintiffs' second cause of

10 action for injunctive relief is moot.

11    2.    Plaintiffs Lack Standing To Seek An Injunction To Challenge

12          The Foreclosure Sale Because They Have Not Tendered The

13          Undisputed Amount Owing On The Loan

14    Plaintiffs' Injunctive Relief claim also is defective because Plaintiffs have not

15 alleged that they have tendered the payments owed under the Loans.  Plaintiffs ask

16 this Court to enjoin the foreclosure sale on their property (*see* Complaint ¶¶ 1 and

17 32-41), but a party cannot enjoin a foreclosure sale unless he or she has tendered the

18 undisputed obligation in full. (*See United States Cold Storage v. Great W. Sav. &*

19 *Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985) ("[T]he law is long-established

20 that a trustor or his successor must tender the obligation in full as a prerequisite to

21 challenge of the foreclosure sale"); Roger Bernhardt, California Mortgage & Deed

22 of Trust Practice (C.E.B. 3d ed.) § 7.37 ("Courts usually require the trustor to pay or

23 to tender payment of any amounts admittedly owed the beneficiary as a condition

24 for issuing a temporary restraining order or preliminary injunction.").)

25    In the present case, Plaintiffs have not tendered, nor do they allege to have

26 tendered, the undisputed amount owing under the Note to Countrywide.  The last

27 payment received by Countrywide was in August 2007.  No payments have been

28 received in the last eleven months. (See Docket No. 7 [Braithwaite Decl.], ¶ 7.)

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1   Unless and until Plaintiffs tender the undisputed obligation in full, they do not have
2   standing to challenge the foreclosure sale, and their request for injunctive relief
3   should be denied.

4       **D.    Plaintiffs' Third Cause of Action for Accounting Relief Fails**
5           **Because There is No Fiduciary Relationship Between the Parties.**

6       The Third Cause Of Action is for Accounting.  Plaintiffs claim that "a
7   controversy exists between Plaintiff [sic] and Defendants with respect to the correct
8   amount of money that is actually owed by Plaintiffs to Defendants."  (See
9   Complaint, ¶ 43.)

10      An "[a]ccounting usually is striking a balance between debits and credits
11  showing a balance due, if any."  (*Peoples Finance & Thrift Co. of Visalia v.*
12  *Bowman,* 58 Cal.App.2d 729, 734 (1943).)  "An action for an accounting ... is a
13  proceeding in equity for the purpose of obtaining a judicial settlement of the
14  accounts of the parties in which proceeding the court will adjudicate the amount
15  due, administer full relief and render complete justice [citation]." (*Verdier v.*
16  *Superior Court,* 88 Cal.App.2d 527, 530 (1948).)  "The action for an accounting is
17  equitable in nature.  It may be brought to compel the defendant to account to the
18  plaintiff for money or property, (1) where a fiduciary relationship exists between the
19  parties, or (2) where, though no fiduciary relationship exists, the accounts are so
20  complicated that an ordinary legal action demanding a fixed sum is impracticable."
21  (5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 775 at p. 233.)  "A right to an
22  accounting is derivative; it must be based on other claims." (*Janis v. California*
23  *State Lottery Com.,* 68 Cal.App.4th 824, 833-834 (1998).)

24      While Plaintiffs have a fiduciary relationship with their loan broker, there is
25  no fiduciary relationship between Countrywide, the lender, and Plaintiffs, the
26  borrowers.  "As a general rule a financial institution owes no duty of care to a
27  borrower when the institution's involvement in the loan transaction does not exceed
28  the scope of its conventional role as a mere lender of money." (*Nymark v. Heart*

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

MOTION TO DISMISS

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  *Federal Savings & Loan Association*, 231 Cal.App.3d 1089 (1991).) A duty arises

2  "only when the lender `actively participates' in the financed enterprise 'beyond the

3  domain of the usual money lender.'" (*Connor v. Great Western Savings & Loan*

4  *Association*, 69 Cal.2d 850, 864 (1968) (the bank was not merely a lender because

5  it actively participated in the borrowers' enterprise to construct homes by working to

6  develop the property).) While California law imposes a fiduciary duty upon a

7  mortgage broker for the benefit of the borrower, no such duty is imposed on a

8  lender. (*UMET Trust v. Santa Monica Medical Investment Company*, 140

9  Cal.App.3d 864, 872-73 (1983); see also *Price v. Wells Fargo Bank*, 213

10 Cal.App.3d 465, 476 (1989).) "It has long been regarded as axiomatic that the

11 relationship between a bank and its depositor arising out of a general deposit is that

12 of a debtor and creditor. A debt is not a trust and there is not a fiduciary relationship

13 between debtor and creditor as such. The same principal should apply with even

14 greater clarity to the relationship between a bank and its loan customers."

15      Accordingly, the requisite fiduciary relationship is lacking and because

16 Plaintiffs have failed to allege that the accounts are so complicated that an ordinary

17 legal action demanding a fixed sum is impracticable, Plaintiffs' Third Cause of

18 Action fails as a matter of law.

19 **E.**      **Plaintiffs' Fourth Cause of Action for Deceptive Fraud and Unfair**

20           **Business Trade Practices and Other Statutory Relief Fails To State**

21           **A Claim Under California Law**

22      Plaintiffs' Fourth Cause of Action for "Deceptive Fraud and Unfair Business

23 Trade Practices and Other Statutory Relief" also fails against Defendants on a

24 number of grounds. First, as mentioned, there simply are no facts tying Defendants

25 to the purported acts underlying this claim. Second, it appears Plaintiffs are

26 attempting to state a claim under California's unfair competition law, California

27 Business & Professions Code section 17200 et seq., but Plaintiffs have not

28 adequately alleged that they lost money or property as a result of the purportedly

1  wrongful acts as required under California law. (*See Hall v. Time Inc.*, 158 Cal.

2  App. 4th 847, 854-855 (2008) (affirming the trial court's grant of defendant's

3  motion for judgment on the pleadings and sustaining of defendant's demurrer

4  because plaintiff failed to allege facts sufficient to show the loss of money or

5  property as result of the act of alleged unfair competition).)

6      This Court may disregard Plaintiffs' conclusory allegation in paragraph 40 of

7  the Complaint that "Plaintiffs have suffered economic damages in the loss of funds

8  and payment of fees and charges improperly incurred…." (See Complaint, ¶49.)

9  *Clegg*, 18 F.3d 752, 754-55 (holding that the court may reject "legal conclusions

10 cast in the form of factual allegations if those conclusions cannot reasonably be

11 drawn from the facts alleged"). Plaintiffs do not allege that they have lost any

12 particular sum of money or property as a result of any actions by Defendants;

13 therefore, they cannot state a claim for relief under California's unfair competition

14 (trade practices) law. (*See Hall*, 158 Cal. App. 4th 855.)

15     Finally, although the Complaint is not entirely clear, to the extent that

16 Plaintiffs predicate their request for injunctive relief on the alleged TILA, RESPA or

17 HOEPA violations, that request must be denied because it is not tied to any alleged

18 wrongdoing by Defendants. *See* Cal. Bus. & Prof. Code § 17203 (authorizing

19 injunctions "as may be necessary to prevent the use or employment by any person of

20 any practice which constitutes unfair competition").

21     1.    Plaintiffs' Damages Claims Are Barred By The One-Year Statute

22           Of Limitations.

23     The Fourth Cause of Action must be dismissed because it is barred as a matter

24 of law by the applicable one-year statute of limitations. The claim seeks damages

25 for purported violations of the disclosure rules in TILA and/or its implementing

26 regulations. TILA provides, however, that "[a]ny action under this section may be

27 brought . . . *within one year from the date of the occurrence of the violation.*" 15

28 U.S.C. § 1640(e) (emphasis added). Here, Plaintiffs' lawsuit was not filed until July

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1   10, 2008, which is more than one year after the date the purported statutory

2   violations took place. Accordingly, all claims for damages relating to TILA

3   disclosures are time-barred.

4        As a matter of law, any cause of action for damages under TILA would have

5   accrued when the loan transaction occurred. *See Meyer v. Ameriquest Mort. Co.*,

6   331 F.3d 1028 (9th Cir. 2003) (as amended at 2003 U.S. App. LEXIS 18401 (9th

7   Cir. Cal., Sept. 5, 2003)) (holding that the statute of limitations on Plaintiffs' TILA

8   claim began to run at the time of the loan transaction); *Wachtel v. West*, 476 F.2d

9   1062, 1065 (6th Cir. 1973) ("It thus appears that a credit transaction which requires

10  disclosures under the Act is completed when the lender and borrower contract for

11  the extension of credit. The disclosures must be made sometime before this event

12  occurs. If the disclosures are not made, this violation of the Act occurs, at the latest,

13  when the parties perform their contract.").

14       The *Meyer* case is directly on point. In *Meyer*, as here, the Plaintiffs belatedly

15  sought damages under 15 U.S.C. § 1640(a) for purported violations of TILA. The

16  Ninth Circuit explained that plaintiffs "were in full possession of all information

17  relevant to the discovery of a TiLA violation and a § 1640(a) damages claim on the

18  day the loan papers were signed" and held that the one year statute of limitations ran

19  from that date. *Meyer*, 331 F.3d at 1030. Just like the plaintiffs in *Meyer*, Plaintiffs

20  here possessed all the information necessary to discover any purported disclosure-

21  related TILA violations at the time they closed the Loans.

22       The loan documents attached to the Request for Judicial Notice reflect a

23  transaction date of August 15, 2006 and Plaintiffs allege that they executed the loan

24  documents "on or about August 17, 2006." (Complaint ¶ 5.) Because Plaintiffs did

25  not file her lawsuit until July 10, 2008, their damages claims are time-barred.

26

27

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

MOTION TO DISMISS

2.  Plaintiffs' TILA Claims Must Be Dismissed Because The Alleged TILA Violations Are Not Apparent On The Face Of The Loan Documents.

Plaintiffs do not and cannot allege Countrywide funded or served as the original lender under the Loan. Accordingly, Countrywide is not a creditor under TILA. *See* 15 U.S.C. § 1602(f). Thus, liability for violation of TILA against Countrywide as an assignee lies only if the violation is apparent on the face of the loan documents.[2] *See* 15 U.S.C. § 1641. Under TILA, an assignee is not held to the same standard as the original creditor on the loan, and an assignee cannot be found liable for damages and attorney fees under TILA. (*See Brodo v. Bankers Trust Co.*, 847 F. Supp. 353, 359 (E.D. Pa. 1994), holding that the creditor's assignee could not be liable for damages or attorney fees under TILA; *Ritter v. Durand Chevrolet, Inc.*, 932 F. Supp 32, 35-36 (D. Mass. 1996), granting assignee's motion to dismiss because the alleged violation was not apparent on the face of the disclosure documents; *Smith v. Highland Bank*, 915 F.Supp 281, 294 (N.D. Ala. 1996) (granting summary judgment for assignee).)

Absent an allegation that the purported errors or omissions were evident from the face of the loan documents, Countrywide as an assignee cannot be liable for actual or statutory damages as a matter of law. (*See Marks v. Ocwen Loan Servicing,* Case No. C 07-02133, 2008 WL 344210, *3 (N.D. Cal. Feb. 6, 2008) (court dismissed TILA claim against assignee where plaintiff made no allegation TILA violation was apparent on face of disclosures).) The Complaint does not contain such an allegation. There are *no* facts alleged from which such a conclusion can be inferred (nor can there be).

_____

2    The Complaint contains no allegations that would render ReconTrust either a creditor or assignee under TILA, accordingly there are no allegations that would support liability for damages as against ReconTrust. *See* 15 U.S.C. § 1602(f); § 1641.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1       3.    Plaintiffs' RESPA-Based Claims Must Be Dismissed Because
2             RESPA Does Not Provide A Private Right Of Action.

3       Plaintiffs Fourth Cause of Action for Deceptive Fraud and Unfair Business

4    Trade Practices and Other Statutory Relief also improperly attempts to borrow

5    violations from the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §

6    2601 et seq. as its predicate acts.  However, Plaintiffs' RESPA-based claims must

7    be dismissed, because there is no private right of action under the disclosure rules of

8    RESPA.  (*See Bloom v. Martin*, 865 F. Supp. 1377, 1384-1385 (N.D. Cal. 1994),

9    holding that RESPA does not provide a private right of action for disclosure

10   violations).)

11      In *Bloom*, the court concluded that "[t]he structure of RESPA's various

12   statutory provisions indicates that Congress did not intend to create a private right of

13   action for disclosure violations under 12 U.S.C. § 2603." (*Bloom*, 865 F. Supp. at

14   1384.)  The court distinguished between the disclosure rules and other RESPA

15   prohibitions, such as the anti-kickback provisions of Section 2607, which can form

16   the basis of a private action under 12 U.S.C. § 2614.  *Id.*  Accordingly, the court

17   held that "there is no private right of action under 12 U.S.C. § 2603."  *Id.* at 1385.

18      Because there is no private right of action under RESPA for disclosure-related

19   violations, the Fourth Cause of Action must be dismissed.

20      4.    Alternatively, Plaintiffs' RESPA-Based Claims Fail Because the
21            Complaint fails to allege that Defendants received a Qualified
22            Written Request from Plaintiffs.

23      Plaintiffs likewise cannot state a claim for violation of RESPA because the

24   Complaint fails to allege that Defendants received a QWR.  RESPA provides, in

25   pertinent part, that "if any servicer of a federally related mortgage loan *receives* a

26   qualified written request from the borrower... the servicer shall provide a written

27   response acknowledging receipt of the correspondence within 20 days...."  12 U.S.C.

28   § 2605(e)(1)(A) (emphasis added).  For purposes of the statute, a QWR is a "written

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  correspondence... that includes or otherwise enables the servicer to identify the

2  name and account of the borrower; and includes a statement of the reasons for the

3  belief of the borrower... that the account is in error...." 12 U.S.C. § 2605(e)(1)(B).

4  As a supplement to RESPA, the DOT specifies the method by which a QWR may be

5  served.  Specifically, the DOT provides: "Any notice to Lender shall be given by

6  delivering it or by mailing it by first class mail to Lender's address stated herein...

7  Any notice in connection with this Security Instrument [the DOT] shall not be

8  deemed to have been given to Lender *until actually received by Lender*" (emphasis

9  added).  (See DOT attached to RJN, filed concurrently herewith.)

10  Notably, Plaintiffs do not allege that Defendants received a QWR.  Nor do

11  they allege that a QWR was sent in accordance with the procedural requirements of

12  RESPA, or with the terms of the DOT.  Plaintiffs do not allege that the QWR

13  enabled Defendants to identify them, or their account, and also fails to allege that

14  the QWR was sent to the proper mailing address via first class mail.  Instead,

15  Plaintiffs merely assumes that a QWR was received, analyzed, and ignored.

16  Plaintiffs' unfounded assumptions are no substitute for well-pleaded facts and do

17  not comport with the above-described provisions of RESPA or with the terms of the

18  DOT.

19  Plaintiffs' failure to properly plead a violation of RESPA is further

20  exacerbated by the fact that they have failed to attach a copy of the alleged QWR, or

21  any other documentation, to the body of the Complaint.  Accordingly, Defendants

22  continue to have insufficient notice of Plaintiffs' alleged grievance and, without

23  further information, cannot adequately respond thereto.

24       5.   <u>Plaintiffs' Attempt to Borrow from Violations Under 15 U.S.C §</u>

25           <u>1639 Must Be Disallowed Because Plaintiffs Do Not Have A</u>

26           <u>High Cost Loan Subject To HOEPA.</u>

27  HOEPA creates "a special class of regulated loans that are made at higher

28  interest rates or with excessive costs and fees." *In re Community Bank of Northern*

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  *Va.*, 418 F.3d 277, 304 (3d Cir. 2005). Plaintiffs' Fourth Cause of Action premised

2  upon Defendants' alleged violation of HOEPA fails to state a claim upon which

3  relief can be granted because Plaintiffs fail to allege facts necessary to establish that

4  the threshold interest rate or fees was exceeded by the Loans such that HOEPA even

5  applied.

6       For a loan to be subject to HOEPA protections, one of two factors must be

7  established:   (1) the annual percentage rate at consummation of the transaction must

8  exceed by more than 10 percentage points the yield on Treasury securities having

9  comparable periods of maturity on the 15th day of the month immediately preceding

10  the month in which the application for the extension of credit is received by the

11  creditor; or (2) the total points and fees payable by the consumer at or before closing

12  must exceed the greater of 8 percent of the total loan amount or $400 (with this

13  amount to be adjusted annually for inflation).  15 U.S.C. § 1602(aa)(1) & (3); *see*

14  *also* 12 C.F.R. § 226.32(a)(1).

15       Plaintiffs make no factual allegation in the Complaint that would support a

16  finding that either of those thresholds were met.  Specifically, Plaintiffs fail to allege

17  facts regarding the APR on the Loans at consummation, the yield at that time on

18  Treasury securities having comparable periods of maturity, the total points and fees

19  paid for the Loan or even the statutory "loan amount."  These are essential

20  allegations to sustain a claim and to survive a motion to dismiss.  (*See, e.g.,*

21  *Chicoine*, 2007 WL 160992, *8 (court dismissed claim for violation of HOEPA

22  where plaintiff failed to allege facts that would support a conclusion that HOEPA

23  applied to the loan at issue under the requirements of 15 U.S.C. § 1602(aa)); *In re*

24  *Reagoso*, Case No. 06-12961, 2007 WL 1655376, *4 (Bankr. E.D. Pa. June 6, 2007)

25  (recognized failure to plead loan met requirements for HOEPA protections required

26  dismissal of HOEPA claim); *Justice v. Countrywide Home Loans, Inc.*, Case No.

27  3:05-CV-008, 2006 WL 141746 (E.D. Tenn. Jan. 18, 2006) (where plaintiff alleged

28  defendants violated HOEPA by charging excessive fees but failed to specify

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

MOTION TO DISMISS

1  excessive fees, court dismissed claim, noting "the bare incantation of statutory
2  terms, without corresponding allegations to support recovery, does not state a
3  claim").)

4    Merely alleging the Loan is subject to HOEPA is insufficient. (Complaint, ¶¶
5  50, 59). Accordingly, Plaintiffs fail to state a claim under HOEPA.

6    6.    <u>Plaintiffs Cannot State A Claim For Violation Of The FDCP.</u>

7    Plaintiffs cannot state a claim for violation of the FDCPA in the Fourth Cause
8  of Action because Plaintiffs have failed to allege facts indicative of any
9  unconscionable collection methods by Defendants. Plaintiffs also do not allege that
10  the amount of debt claimed by Defendants was untrue or misleading.

11    The FDCPA provides, in pertinent part: "A debt collector may not use unfair
12  or unconscionable means to collect or attempt to collect any debt." 15 U.S.C.
13  § 1692f. The statute prohibits the collection of any debt, unless expressly
14  authorized by the loan agreement and prevents foreclosure absent a right of
15  possession. 15 U.S.C. § 1692f(1), (6). The statute also prohibits false and
16  misleading representations. To this end, the FDCPA provides, "The false
17  representation of the character, amount, or legal status of any debt; ... or the threat to
18  take any action that cannot be legally taken" shall constitute a violation of the Act.
19  15 U.S.C. § 1692e(2), (5).

20    In the present dispute, Plaintiffs fail to allege any facts suggesting that
21  Defendants violated the FDCPA. Plaintiffs merely allege that they "attempted to
22  request validation of the debts of the debt [sic] under both codes but that Defendants
23  did not respond to their demands in such a way as to meet the requirements of the
24  act."  (See Complaint, ¶ 61). Such allegations are insufficient and thus, any
25  attempt to borrow such violations for the Fourth Cause of Action fails as a matter of
26  law.

27
28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

MOTION TO DISMISS

**F.  Plaintiffs Should Be Ordered To Provide A More Definite Statement Of Any Remaining Claims.**

As discussed above, each of the purported causes action asserted against Countrywide and ReconTrust should be dismissed because of the legal deficiencies present in each claim.  If the Court does not dismiss all of the causes of action asserted in the Complaint, however, the Court should order Plaintiffs to provide a more definite statement of the remaining claims to clarify the precise factual basis upon which those claims will stand.

Rule 12(e) authorizes a motion for more definite statement to be granted when the pleading is "so vague or ambiguous that [the defendant] cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  This means that the pleading must be pled "with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." (*Anderson v. District Bd. of Trustees of Cent.l Fla. Comm. College*, 77 F.3d 364, 366-67 (11th Cir. 1996).)

The Complaint does not "plead a short and plain statement of the elements of his or her claim" against Countrywide or ReconTrust as required by Rule 8 and *Bautista.  See Bautista*, 216 F.3d at 840.  Accordingly, if this Court allows any of Plaintiffs' claims to survive this Motion to Dismiss, Plaintiffs should be ordered to set forth in detail the specific facts supporting each count asserted in this action.

///
///
///
///
///
///
///
///

IR01DOCS376239.1

1  **IV.    CONCLUSION**

2      For all the foregoing reasons, defendants Countrywide Home Loans, Inc. and

3  ReconTrust Company respectfully request that the Court dismiss the Complaint of

4  Plaintiffs Rosario and Jesus Tina as set forth above.  In the alternative, Countrywide

5  and ReconTrust respectfully request that the Court order Plaintiffs to provide a more

6  definite statement of their claims.

7

8  Dated:  August 29, 2008                    ROBERT E. BOONE III, ESQ.
                                              STACEY L. HERTER
9                                             **BRYAN CAVE LLP**

10

11                                            By:  /s/ Stacey Herter
12                                                  Stacey L. Herter
                                              Attorneys for Defendant
13                                            COUNTRYWIDE HOME LOANS, INC.,
                                              individually and dba AMERICA'S
14                                            WHOLESALE LENDER; and
15                                            RECONTRUST COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414