1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ROSARIO TINA and                          CASE NO. 08 CV 1233 JM (NLS)
     JESUS G. TINA,
12                                             **ORDER GRANTING IN PART**
                                 Plaintiffs,   **AND DENYING IN PART**
13        vs.                                  **DEFENDANTS' MOTION TO**
                                               **DISMISS**
14
                                               **(Doc. No. 13)**
15   COUNTRYWIDE HOME LOANS, INC.,
     AMERICA'S WHOLESALE LENDER,
16   RECONTRUST COMPANY,

17                               Defendants.

18

19        Plaintiffs Rosario Tina and Jesus G. Tina, proceeding pro se, filed this action on July 10, 2008

20   against mortgage lender Countrywide Home Loans, Inc. ("Countrywide"), which does business as

21   America's Wholesale Lender, and Countrywide's trustee for foreclosure servicing, ReconTrust

     Company ("ReconTrust").   Concurrently, Plaintiffs filed an *ex parte* application for a temporary
22
     restraining order ("TRO") and preliminary injunction to stay the foreclosure of their property
23
     scheduled for July 11, 2008.  The court denied the TRO request on August 5, 2008.  Defendants now
24
     move to dismiss the complaint under Fed. R. Civ. Pro. 12(b)(6), and, in the alternative, for a more
25
     definite statement under Rule 12(e).  Doc. No. 13.  Pursuant to Local Rule 7.1(d)(1), this matter is
26
     appropriate for decision without oral argument.  For the reasons set forth below, the court hereby
27
     **GRANTS** the motion to dismiss in part and **DENIES** the motion to dismiss in part.  The court also
28

1   **GRANTS** the motion for a more definite statement.

2

3   **I.      BACKGROUND**

4          According to the complaint, Plaintiffs owned property located at 1720 East Fourth Street in

5   National City, California.   Compl. at ¶ 5.   In August 2006, Plaintiffs obtained a loan from

6   Countrywide to refinance the property. Compl. at ¶ 5.  Plaintiffs do not allege facts regarding the loan

7   broker involved with helping them obtain the loan.  When Plaintiffs "fell behind" on their loan

8   payments, Defendants instituted a non-judicial foreclosure and trustee's sale.  Compl. at ¶ 24.  The

9   foreclosure sale occurred on July 11, 2008.  Mot. to Dismiss at 3:18-19.

10         Plaintiffs assert four causes of action.  In the first, they seek a declaratory judgment that, *inter*

11  *alia*, Plaintiffs deserve relief under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*,

12  "FDCPA"), Cal. Fin. Code §§ 33560 and 22340, and Cal. Bus. and Prof. Code § 17203.  In the second,

13  they seek injunctive relief pursuant to Cal. Bus. and Prof. Code § 17203, predicated in part on alleged

14  violations of Cal. Civ. Code § 2924.  Third, they seek accounting relief to establish the amount of

15  money Plaintiffs owe Defendants.  Fourth, they request relief for "deceptive fraud and unfair business

16  trade practices and other statutory relief."  Construed along with the other causes of action, the fourth

17  appears to allege violations of the following: (1) breach of fiduciary duty and breach of the covenant

18  of good faith and fair dealing; (2) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (3)

19  the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; (4) the Home

20  Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1602, *et seq.*; (5) the FDCPA;

21  (6) California's Rosenthal Act, Cal. Civ. Code § 1788 *et seq.*; (7) Cal. Civ. Code § 1632; (8) Cal. Civ.

22  Code § 2924; and (9) California's Unfair Competition Law, Cal. Bus. and Prof. Code § 17200 *et seq.*

23

24  **II.     DISCUSSION**

25          **A.      Legal Standards**

26          Rule 12(b)(6) dismissal is proper only in "extraordinary" cases.  United States v. Redwood

27  City, 640 F.2d 963, 966 (9th Cir. 1981).  In evaluating a 12(b)(6) motion, the court must accept the

28  complaint's allegations as true and construe them in the light most favorable to Plaintiff.  See, e.g.,

1   Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  The

2   complaint's "factual allegations must be enough to raise a right to relief above the speculative level

3   . . . ."   Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (allegations must provide

4   "plausible grounds to infer" that plaintiff is entitled to relief).  The court should grant 12(b)(6) relief

5   only where the complaint lacks either a "cognizable legal theory" or facts sufficient to support a

6   cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  In

7   testing the complaint's legal adequacy, the court may consider material properly submitted as part of

8   the complaint or subject to judicial notice.  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).

9   Furthermore, under the "incorporation by reference" doctrine, the court may consider documents

10  "whose contents are alleged in a complaint and whose authenticity no party questions, but which are

11  not physically attached to the [plaintiff's] pleading." Janas v. McCracken (In re Silicon Graphics Inc.

12  Sec. Litig.), 183 F.3d 970, 986 (9th Cir. 1999) (internal quotation marks omitted).[1]

13

14          **B.      First Cause of Action – Declaratory Relief (against all Defendants)**

15          Defendant moves to dismiss Plaintiffs' claim for declaratory relief on the grounds that: 1) the

16  resolution of the Plaintiffs' substantive claims will render declaratory relief moot; and 2) no "actual

17  controversy" exists on which declaratory relief may be granted. Mot. to Dismiss at 6:12-14.  Notably,

18  Plaintiffs' Opposition failed to address any of Defendants' arguments with respect to the First Cause

19  of Action. While an actual controversy still exists between the parties, as evidenced by Plaintiffs'

20  claims beyond an injunction of the foreclosure sale, Defendant's first point has merit.

21           Declaratory judgments generally serve to resolve uncertainty faced by potential defendants

22  who face threats of litigation and who may accrue legal liability while waiting for potential plaintiffs

23  to initiate a suit.  See Societe de Conditionnement en Aluminum v. Hunter Engineering Co., Inc., 655

24  F.2d 938 (9th Cir. 1981).  The decision whether or not to hear a declaratory judgment action is left to

25  the discretion of the federal court.  See Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 533 (9th

26  Cir. 2008).  Thus, the federal court may decline to address a claim for declaratory relief "[w]here the

27  substantive suit would resolve the issues raised by the declaratory judgment action, ... because the

28

[1]To this end, the court may consider the Note and Deed of Trust provided by Defendants.  Req.
for Judicial Notice in Supp. of Mot. to Dismiss, Exs. A and B.

1    controversy has 'ripened' and the uncertainty and anticipation of litigation are alleviated." <u>Tempco</u>

2    <u>Elec. Heater Corp. v. Omega Eng'g, Inc.</u>, 819 F.2d 746, 749 (7th Cir. 1987).

3        Defendants do recite separate claims under the FDCPA (Fourth Cause of Action) and § 17203

4    (Second and Fourth Causes of Action) and these issues are therefore addressed below.  See Sections

5    E, 5 and E, 9, *infra*.  The court notes neither Cal. Fin. Code § 33560(c), a definitional section

6    regarding securities transactions, nor Cal. Fin. Code § 22340, dealing with sales of promissory notes

7    by licensees to institutional investors, are addressed in Plaintiffs' substantive claims.  However, even

8    if they were so addressed, neither statute is applicable to the present case.

9        Since the statutes cited by Plaintiffs are either addressed in substantive sections below or

10    provide Plaintiffs no adequate legal basis for relief, the court grants Defendants' motion to dismiss.

11    The first cause of action is dismissed with prejudice.

12

13        **C.**      **Second Cause of Action – Injunctive Relief (against all Defendants)**

14        As in their TRO application, Plaintiffs ask the court to enjoin the foreclosure sale of their

15    property.  Under the same analysis presented in the court's denial of that application (Doc. No. 12),

16    this request is denied as moot as the foreclosure sale took place on July 11, 2008.  Doc. No. 7 (Tapia

17    Decl.), ¶¶ 2-6.  Plaintiffs' also request the court to prospectively enjoin Defendants from their

18    allegedly deceptive trade practices under § 17203.  Compl. 10:7-26.  Analysis of Plaintiffs' § 17203

19    claim is predicated in part by analysis of their other substantive allegations; therefore, the § 17203

20    request is addressed in Section E, 9, *infra*.

21        The court grants Defendants' motion to dismiss as to Plaintiff's request for injunctive relief

22    as to the foreclosure sale of Plaintiffs' property.

23

24        **D.**      **Third Cause of Action – Accounting Relief (against Countrywide)**

25        Plaintiffs request an accounting because they suggest "a controversy exists as to the amount

26    of money...actually owed by Plaintiffs to Defendants." Compl. ¶ 43. Defendants argue an accounting

27    is inappropriate because: 1) Defendants have no fiduciary relationship with Plaintiffs; and 2) Plaintiffs

28    have not alleged the accounts are overly complex.  Mot. to Dismiss at 9:15-17.  Contrary to

   Defendants' suggestion, these are not the only bases upon which an accounting may be ordered.  <u>See</u>

<u>Union Bank v. Superior Court</u>, 31 Cal.App.4th 573, 593 (1995)(showing of fraud may support a request for accounting); 5 Witkin, Cal. Proc. 5th (2008) Pleading § 820 (claim for accounting may plead "other circumstances appropriate to the remedy").  However, the cause of action here appears to be moot as the property was sold at foreclosure, terminating the mortgage agreement between the parties.  "Before an accounting is in order, the right to an accounting must be established.  It may be dispensed with where under the evidence the need or right to one is not shown."  <u>Baxter v. Krieger</u>, 157 Cal.App.2d 730, 732 (1958).  "A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law."  <u>St. James Church of Christ Holiness v. Superior Court</u>, 135 Cal.App.2d 352, 359 (1955).  As Defendants have not counter-claimed for any deficit following the foreclosure sale, Plaintiffs owe nothing on the mortgage.  Plaintiffs substantive claims address the same issues and would provide adequate remedies under the present circumstances.  Therefore, no accounting is warranted.

The court grants Defendants' motion to dismiss with prejudice as to the third cause of action.

### E.    Fourth Cause of Action – Deceptive Fraud and Unfair Business Trade Practices and Other Statutory Relief

As discussed above, although not expressly mentioned under Plaintiffs' fourth cause of action, the court construes Plaintiffs' complaint to assert the following: (1) breach of fiduciary duty and breach of the covenant of good faith and fair dealing; (2) violations of TILA; (3) violations of RESPA; (4) violations of HOEPA; (5) violations of the FDCPA; (6) violations of the California's Rosenthal Act; (7) violations of Cal. Civ. Code § 1632; (8) violations of Cal. Civ. Code § 2924; and (9) violations of Cal. Bus. and Prof. Code § 17203.

Plaintiffs filed an opposition addressing only, and to a limited extent, Defendants' arguments on the TILA, RESPA, Cal. Civ. Code § 1632, and Cal. Fin. Code § 2924 claims.  Doc. No. 17.  Otherwise, Plaintiffs provided no opposition to Defendants' arguments.  The Ninth Circuit has held a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond.  <u>See generally, Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995).  Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that

- 5 -

08cv1233

failure may constitute a consent to the granting of that motion or other ruling by the court." Nevertheless, the court addresses the merits of each basis of the complaint below.

> ### 1.    Breach of Fiduciary Duty and Breach of the Covenant of Good Faith and Fair Dealing (against Countrywide)

Plaintiffs first argue Countrywide breached a fiduciary duty owed to them. Compl. ¶¶ 47-49. However, Defendant Countrywide, as the mortgage lender, has no fiduciary duty to Plaintiffs. "A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such." Downey v. Humphreys, 102 Cal.App.2d 323, 332 (1951). The same principle applies "to the relationship between a bank and its loan customers." Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (1989). Plaintiffs fail to allege any special circumstances that could override this principle. See Connor v. Great Western Sav. & Loan Assoc., 69 Cal.2d 850, 864 (1968). Without a fiduciary relationship, there can be no breach of fiduciary duty. Plaintiffs' claim for breach of fiduciary duty is dismissed with prejudice.

Plaintiffs also contend Countrywide breached the covenant of good faith and fair dealing by proceeding with the foreclosure sale without producing "documents which demonstrate their status and lawful rights" to do so. Compl. ¶ 50. While no such action against a bank lender arises under tort law, the covenant of good faith and fair dealing does arise between parties to a contract. See Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 478 (1989); Rest.2d Contracts § 205 ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."). Defendants have conceded they are assignees of the lending contract; they therefore may be bound by an implied duty. Mot. to Dismiss at 3:17. That said, the implied covenant "does not impose any affirmative duty of moderation in the enforcement of legal rights." Price, 213 Cal.App.3d at 479. Plaintiffs' particular factual contentions regarding lack of documentation (see Section E, 8, *infra*) fail to support their claim or adequately address the required elements of the claim. Plaintiffs' claim is therefore dismissed without prejudice.

> ### 2.    Violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. (against Countrywide)

Plaintiffs allege Defendants violated TILA by failing to make required disclosures as to the

08cv1233

1   true finance charges and fees and the ownership status of the loans.  Compl. ¶ 51.  Plaintiffs seek

2   rescission of the mortgage loan and damages.  Compl. ¶ 52-53; 15 U.S.C. § 1641(a)(1)-(2)(plaintiffs

3   may seek compensatory damages in addition to statutory damages).

4        Plaintiffs' claims relating to improper disclosures under TILA are subject to a one-year statute

5   of limitations.  15 U.S.C. §1640(e) (any claim under this provision must be made "within one year

6   from the date of the occurrence of the violation.").  Plaintiffs allege they executed the loan documents

7   "on or about August 17, 2006."  Compl. ¶ 5.  The instant suit was not filed until July 10, 2008.  At first

8   glance, then, Plaintiffs' request for monetary damages appears to be time-barred.

9        The Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may

10   be appropriate "in certain circumstances" such as when a borrower might not have had a reasonable

11   opportunity to discover the nondisclosures within the one-year period.  King v. State of California,

12   784 F.2d 910, 915 (9th Cir. 1986); Nava v. VirtualBank, 2008 WL 2873406 at *3 (E.D. Cal. 2008).

13   Courts have discretion to "adjust the limitations period accordingly."  Id.  The applicability of

14   equitable tolling often depends on matters outside the pleadings.  Supermail Cargo, Inc. v. U.S., 68

15   F.3d 1204, 1206 (9th Cir. 1995) (citing Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir.

16   1993).  Therefore, the determination "is not generally amenable to resolution on a Rule 12(b)(6)

17   motion."  Id.  Depending on the facts of the transaction, Plaintiffs' disclosure concerns are such that

18   they might not have been discovered within the one-year time period.

19        However, Plaintiffs have not set forth any facts alleging Defendants were involved with the

20   initial disclosures about which they complain.  Plaintiffs' complaint notably avoids mentioning the

21   mortgage broker with whom they worked to secure the loan.  For this reason, Defendants' motion to

22   dismiss as to the damages claim is granted without prejudice.

23        For Plaintiffs' TILA claim for rescission, the applicable statute of limitations for rescission is

24   three years, typically running from the date of loan execution.  See 15 U.S.C. § 1635(f).  Thus,

25   Defendants argue the rescission claim fails as a matter of law because, as an assignee, Defendants are

26   only liable "if violations of TILA are apparent on the face of the loan documents."  Mot. to Dismiss

27   at 13:7-8.  As a first consideration, Plaintiffs right to rescission flows as against any assignee.  15

28   U.S.C. § 1641(c)("Any consumer who has the right to rescind a transaction under section 1635...may

     rescind the transaction as against any assignee of the obligation.").  Second, assessment of the facial

1    sufficiency of the loan document is a question of fact inappropriate for a Rule 12(b)(6) motion to

2    dismiss.  Plaintiffs have therefore stated sufficient facts to claim rescission of the loan.  Defendants'

3    motion with respect to Plaintiffs' claim for rescission under TILA is denied.  The court notes if

4    rescission is granted, Plaintiffs may eventually be required return the loan proceeds.  See 15 U.S.C.

5    § 1635; Marcelos v. Dominguez, 2008 WL 1820683 at *4 (N.D.Cal. 2008).

6

7                    **3.      Violations of the Real Estate Settlement Procedures Act,**
                              **12 U.S.C. § 2601 *et seq.* (against Countrywide)**
8

9            Defendants challenge Plaintiffs' RESPA claim as time-barred and unavailable as a private right

10   of action.  Mot. to Dismiss at 14-15.  Plaintiffs' allegations regarding higher-than-promised initial

11   interest rates, inaccurate good-faith estimate of closing costs, and unlawful collection of "yield spread

12   fees" and "excess charges" appear to be directed toward the rules regarding initial disclosures

13   (Sections 8 and 9). Compl. ¶¶ 21, 35, 54.  To the extent Plaintiffs' claims are asserted under Sections

14   8 or 9, they are barred by the applicable one-year statute of limitations under 12 U.S.C. § 2614 and

15   are hereby dismissed with prejudice.

16           Plaintiffs' contentions with respect to "incorrect and improper charges, incorrect tax impound

17   amounts, incorrect escrow amounts," and misapplication of Plaintiffs' mortgage payments appear to

18   invoke RESPA's loan-servicing provisions (Sections 5 and 6).  Compl. ¶ 22.  To the extent Plaintiffs'

19   claims are based on Section 5, 12 U.S.C. § 2604, they are dismissed without leave to amend as Section

20   5 provides no private right of action for such violations.  See Collins v. FMHA-USDA, 105 F.3d 1366

21   (11th Cir. 1997), cert. denied, 521 U.S. 1127 (1997), reh'g denied, 521 U.S. 1145 (1997).  Section 6,

22   12 U.S.C. § 2605, does allow for a private right of action, and the applicable statute of limitations is

23   three years.  This provision requires mortgage loan servicers who receive a "qualified written request"

24   ("QWR") for action or information from a borrower to respond and, if necessary, to act within certain

25   periods of time.  12 U.S.C. § 2605(e)(1)-(2).  Plaintiffs do mention they "attempted to request

26   validation of the debt...but that Defendants did not respond" appropriately.  Compl. ¶ 61.  However,

27   they fail to specifically allege they sent, or Defendants received, a specific, written correspondence

28   meeting RESPA's QWR requirements.  See Jones v. ABN AMRO Mortgage Group, Inc., 551

F.Supp.2d 400, 411 (E.D.Pa. 2008).  Their RESPA Section 6 claim therefore fails as a matter of law.

With respect to Plaintiffs' Section 6 claims, Defendants' motion to dismiss is granted without prejudice.

### 4.   Violations of the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1602 *et seq*. (against Countrywide)

Plaintiffs allege Defendants' shortcomings in disclosures and loan servicing also amounted to violations of HOEPA.  Compl. ¶ 57.  The HOEPA provisions only apply to mortgages "secured by the consumer's principal dwelling...if:

> (A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity...; or (b) the total points and fees payable by the consumer at or before closing will exceed the greater of: (i) 8 percent of the total loan amount; or (ii) $400.

15 U.S.C. § 1602(aa)(1).  As Defendants correctly argue, Plaintiffs fail to allege their loan qualified for HOEPA's additional protections.  Mot. to Dismiss at 16.  Defendants' motion to dismiss is granted without prejudice.

### 5.   Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (against Countrywide)

Under the FDCPA, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. 1692(f).  Plaintiffs' only factual allegation with respect to debt collection is that they "attempted to request validation...of the debt under [the FDCPA] but that Defendants did not respond to their demands in such a way as to meet the requirements of the act."  Compl. ¶ 61.  Plaintiffs also point to Countrywide's allegedly unlawful attempts to repossess the property in question.  Compl. ¶ 62.  Defendants contend Plaintiffs fail to allege any facts showing an FDCPA violation.   That argument notwithstanding, Plaintiffs fail to state a claim because Countrywide is not a "debt collector" as defined under the FDCPA.[2]  Additionally, the "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA.  Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or. 2002).  Defendants' motion to dismiss is granted with prejudice.

---

[2]The federal FDCPA defines "debt collector" as one who collects consumer debts owed to another. 15 U.S.C. § 1692(a)(6)(A).  Countrywide's conduct was directed to collecting its own debts.

1

2

**6.      Violations of the Rosenthal Act, Cal. Civ. Code § 1788 *et seq*.**
**(against Countrywide)**

3

        To support their claim under California's fair debt collection practices law, Plaintiffs rely on

4

the same factual contentions described above, Section E(5), supra.  In one respect, the Rosenthal Act

5

provides broader protection than its federal counterpart, defining a "debt collector" as any person who

6

collects a debt "on behalf of himself or herself or others."  Cal. Civ. Code § 1788.2(c).  However, the

7

Rosenthal Act incorporates the majority of its substantive provisions from the FDCPA, creating

8

similar substantive protections.  See, e.g. Cal. Civ. Code § 1788.17.  Therefore, although Defendant

9

Countrywide may qualify as a debt collector under California law, Plaintiffs fail to demonstrate how

10

the Rosenthal Act provides them greater substantive protections against their mortgage lender.

11

Defendants' motion to dismiss is granted without prejudice.

12

13

**7.      Violation of Cal. Civ. Code § 1632 (against all Defendants)**

14

        Plaintiffs also assert they were entitled, under Cal. Civ. Code § 1632, to receive loan

15

documents in their native Tagalog rather than in English. Compl. ¶ 13; Opp. 4:15-5:5.  Even assuming

16

Plaintiffs did negotiate with their mortgage broker in Tagalog, they fail to allege they negotiated with

17

*Defendants'* representatives at all, much less in Tagalog.  Additionally, the mortgage contract involved

18

here is exempt from the scope of § 1632 protection.  See Cal. Civ. Code § 1632(b).  Finally, with

19

respect to ReconTrust, the trustee for foreclosure servicing, Plaintiffs have alleged no factual basis to

20

support their claim.  Plaintiffs' claim under Cal. Civ. Code § 1632 is dismissed with prejudice.

21

**8.      Violation of Cal. Civ. Code § 2924 (against all Defendants)**

22

        Plaintiffs assert Defendants lacked standing to proceed with the nonjudicial foreclosure of their

23

home because they failed to provide the original note.  Compl. ¶¶ 4, 22.  Plaintiffs cite to a non-

24

binding opinion from an Ohio federal court, In re Foreclosure Cases (Deutsche Bank Nat'l Trust Co.

25

v. Moore), Case No. 1:07CV2282 (N.D. Ohio Oct. 31, 2007).[3]   However, the referenced case is

26

27

        [3]The court takes judicial notice of the referenced opinion, as requested by Defendants. Request
for Judicial Notice in Support of Reply (Doc. No. 20).  The court declines as moot Plaintiffs' request

28

to take judicial notice of related news articles regarding the same case and notes Defendants' objection
to the request.  Request for Judicial Notice in Support of Opposition (Doc. No. 17-1); Objection to
Plaintiffs' Request for Judicial Notice (Doc. No. 19).

08cv1233

1  distinguishable as it dealt with judicial foreclosure proceedings brought by lenders, in contrast to the

2  present situation. Plaintiffs fail to convince the court why the holding is applicable here.

3       "In a nonjudicial foreclosure, also known as a 'trustee's sale,' the trustee exercises the power

4  of sale given by the deed of trust." Nguyen v. Calhoun, 105 Cal.App.4th 428, 440 (2003). "If the

5  trustee's deed recites that all statutory notice requirements and procedures required by law for the

6  conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been

7  conducted regularly and properly." Id. at 441.   Cal. Civ. Code § 2924 outlines the requirements for

8  nonjudicial foreclosures in California, and does not include providing the original note prior to the

9  sale.  Additionally, under California law, an "allegation that the trustee did not have the original note

10  or had not received it is insufficient to render the foreclosure proceeding invalid." Neal v. Juarez,

11  2007 WL 2140640 (S.D.Cal. July 23, 2007)(citing R.G. Hamilton Corp. v. Corum, 218 Cal. 92, 97

12  (1933) and California Trust Co. v. Smead Inv. Co., 6 Cal.App.2d 432, 435 (1935).  Plaintiffs' claim

13  under this statute is therefore dismissed without prejudice.

14

15              **9.      Violations of California's Unfair Competition Law, Cal. Bus.
                        and Prof. Code § 17200 *et seq*. (against all Defendants)**
16
17       Plaintiffs assert Defendants violated California's Unfair Competition Law.  Compl. 10:16-17.

18  In particular, Plaintiffs contend Defendants' conduct included "improperly raising Plaintiffs' interest

19  rates..., violating the requirements of [Cal. Civ. Code] § 2924 relating to non-judicial Trustee's

20  foreclosure sales, stating an incorrect amount due and owing in the notice of default," incorrectly

21  assessing tax and escrow impound amounts, and misapplying Plaintiffs' payments.  Compl. 10:16-21.

22  The court finds these allegations implicate conduct of both Countrywide and ReconTrust,

23  notwithstanding Defendants' argument to the contrary.  Mot. to Dismiss at 5:12-13.

24       Defendants argue Plaintiffs lack standing to bring a claim under § 17203 because they "have

25  not adequately alleged that they lost money or property" as a result of Defendants' conduct.  Mot. to

26  Dismiss, 10:27-28.  The court disagrees.  Not only have Plaintiffs lost their interest in the property

27  through the foreclosure sale, but they also allege having paid "improperly raised" interest rates.

28  Compl. 10:16-17.  This showing is sufficient even under the authority cited by Defendants.  See Hall
    v. Time, Inc., 158 Cal.App.4th 847, 854 and references cited therein.

1   California's unfair competition statute "prohibits any unfair competition, which means 'any

2   unlawful, unfair or fraudulent business act or practice.'" In re Pomona Valley Med. Group, 476 F.3d

3   665, 674 (9th Cir. 2007)(citing Cal. Bus. and Prof. Code § 17200, et seq.).  "This tripartite test is

4   disjunctive and the plaintiff need only allege one of the three theories to properly plead a claim under

5   § 17200."  Med. Instrument Dev. Labs. v. Alcon Labs., CV 05-1138, 2005 WL 1926673 at *5 (N.D.

6   Cal. Aug. 10, 2005).  "Virtually any law–state, federal or local–can serve as a predicate for a § 17200

7   claim law."  State Farm Fire & Casualty Co. v. Superior Court, 45 Cal.App.4th 1093, 1102-3 (1996).

8   Plaintiffs' sufficiently-pled TILA and RESPA claims, at a minimum, would satisfy the "unlawful"

9   prong of § 17200 and therefore provide adequate factual support for the state-law claim.

10   The court notes that, in addition to injunctive relief, § 17203 affords restitutionary relief, and

11   construes Plaintiffs' requests for "return of all funds received by Defendants from Plaintiffs" as a

12   request for restitution.  Compl. ¶¶ 52, 56; State Farm, 45 Cal.App.4th at 1102.  An award of restitution

13   is within the court's discretion.  See Kraus v. Trinity Mgmt. Serv., Inc., 23 Cal.4th 116, 126-127 (Cal.

14   2000).

15   Therefore, Defendants' motion to dismiss on Plaintiffs' § 17200 claim is denied.

16

17   **III.   MOTION FOR A MORE DEFINITE STATEMENT**

18   In the alternative to a favorable ruling on the motion to dismiss, Defendants ask the court to

19   order Plaintiffs to provide a more definite statement of any remaining claims to clarify the precise

20   factual basis on which those claims will stand.  Mot. to Dismiss at 18:6-8.  The claims remaining

21   following the court's actions on the motion to dismiss are Plaintiffs' claim for rescission under TILA

22   and for injunctive relief under Cal. Bus. and Prof. Code § 17200 et seq.  Plaintiffs must provide the

23   factual predicates, in terms of dates and transactions, they will rely on to support these claims.

24   Plaintiffs are granted leave to amend with respect to these two claims.

25

26   **IV.   CONCLUSION**

27   For the foregoing reasons, the court hereby **GRANTS** Defendants' motion to dismiss in part

28   and **DENIES** the motion in part.  The court grants Plaintiffs **45 days' leave from the date of entry**

///

**of this order to file a First Amended Complaint** which cures all the deficiencies noted above. Plaintiffs' Amended Complaint must be complete in itself without reference to the superseded pleading. Civil Local Rule 15.1.

**IT IS SO ORDERED.**

**DATED:  October 30, 2008**

_____
**Hon. Jeffrey T. Miller**
**United States District Judge**

cc:           All parties

- 13 -

08cv1233